## SUPPLY CHASE v. LESTER LEE.

*Rebutting testimony.*

Plaintiff brought replevin against defendant for a horse, harness and coal cart, claiming under an agreement made with defendant and his father, as copartners, by which he loaned the firm the money to purchase the property and was to hold the title until the debt was paid. He testified to these facts, and that he received a note from the firm for the debt, and that the property had .been used by the firm. Defendant introduced evidence tending to show the purchase by him, individually, of the property and payment for same with his own money and property, and that he kept it in his possession. He denied that the firm ever borrowed any money of plaintiff to make such purchase and also all knowledge of the note given plaintiff. On rebuttal plaintiff called the other partner to disprove the statements of defendant concerning his purchase, sale, ownership and use of the property, and his denial of any knowledge of the note given by the firm to plaintiff, and its connection .with the purchase, which proposed testimony was rejected, as not rebutting testimony.

*Held*, that it was strictly rebutting testimony and that where a party offers relevant testimony. in rebuttal of the case made by the defendant, it is error to reject it.

Error to Wayne. (Jennison, J.) Argued November 18, 1885. Decided January 20, 1886.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*W. S. Thomas*, for appellant

*S. E. Engle*, for defendant:

Plaintiff should have made his case before resting. The attention of his counsel was called to his failure to swear defendant's copartner, who was present, but he declined doing so, saving his testimony for rebuttal. Such a practice is not to be encouraged: *Hatch v. Fowler*, 28 Mich. 206; *McKay v. Ross*, 40 Mich. 548; *Woolston v. Smead*, 42 Mich. 54. Besides it is a matter of discretion, not reviewable: *D. & M. Ry v. Van Steinburg*, 17 Mich. 100; *Hollister v. Brown*, 19 Mich. 163; *Danielson v. Dyckman*, 26 Mich. 169; *Somerville v. Richards*, 37 Mich. 299; *Living-*

*ston v. Hayes*, 43 Mich. 129 ; *Hoffman v. Harrington*, 44 Mich. 183 ; *McGuire v. People*, 44 Mich. 286 ; *Brown v. Marshall*, 47 Mich. 567.

CHAMPLIN, J.   Plaintiff brought replevin to recover the possession of a horse, harness and coal cart from the defendant.   Theodore R. Chase, who was a son of the plaintiff, and the defendant had been engaged in business as copartners, under the firm name of Chase & Lee, in the coal trade, in the city of Detroit.   Plaintiff claimed title to, and right of possession of, the property under an agreement made with the firm to loan it $150 to enable the firm to purchase the property, and the title was to be taken in his name until the money loaned was repaid.   He also took a note of the firm payable three months from November 1, 1882, which was the date of the note.   The money was not paid.   Plaintiff showed that the property had been used by the firm.   It also appears that a day or two before the suit was brought Theodore R. Chase, one of the partners, executed a chattel mortgage upon the property to the plaintiff.   There was evidence introduced tending to show that prior to the time the chattel mortgage was given there had been a dissolution of the copartnership, although Theodore testified that the firm had ceased to make purchases or sales of coal, but that the firm was not yet dissolved, as its business was not yet closed.   Proof of a demand of the property from the defendant, and of his refusal to deliver the same, was made, and the plaintiff then rested his case.   The defendant, claiming the plaintiff had failed to make out a case, moved the court for a judgment of return of the property, and to have his damages assessed for the detention.   The court overruled the motion, and the defendant introduced evidence tending to show that he purchased the property for himself individually, and not for the firm, and paid for it with his own money and an old blind horse.   He also denied that the firm ever borrowed any money from the plaintiff to purchase the property, and asserted that he knew nothing of the note testified to by plaintiff ; that he had always kept the property in his own possession, and had charged the firm for

its use. He gave evidence tending to show that the property was worth $200, and could earn $1.50 a day, and had been detained 145 days. The plaintiff then called Theodore R. Chase as a witness, who testified that he was a member of the firm, and knew the property in dispute, and remembered the occasion of its purchase. Questions were then propounded to the witness calling for his knowledge of the transaction testified to by the plaintiff, and also for the purpose of contradicting the defendant, Lee, in the testimony he had given; all of which was objected to and excluded on the ground that the evidence sought to be elicited by such questions was part of the plaintiff's case, and therefore could not be introduced after the defendant had closed his case. These rulings constitute the plaintiff's second to the tenth assignments of error, inclusive.

With reference to all those questions which were put for the purpose of disproving the statements of defendant concerning his purchase, sole ownership, and use of the property, and also his denial of any knowledge of the note given by the firm to plaintiff, and its connection with the purchase, the testimony offered was as distinctly in rebuttal as any testimony could be. It could not have been anticipated that the defendant might testify as he did, and there was no way in which this part of the testimony of the witness could have been introduced as a part of the plaintiff's case in the first instance. The testimony was relevant; and where a party offers relevant testimony in rebuttal of the case made by the defendant, it is error to reject it: *Whittingham v. Bloxham*, 4 Car. & P. 597; *Plank Road Co. v. Bruce*, 6 Md. 457.

Ordinarily a party should introduce, before he closes, all the evidence he has to sustain the essential averments of his case, and the court may, in general, regulate the order of proof. But as the object of the introduction of evidence is to enable the court and jury to come to a just conclusion upon all the facts relevant to the issue, the rule should not be so applied as to defeat the ends of justice; consequently, in the case of *Giles v. Powell*, 2 Car. & P. 259, the counsel

for plaintiff, after closing his case, was allowed to call a witness to prove the dishonor of a note, without which proof the action must have failed ; and in another instance, cited in Phillips on Evidence, where the plaintiff's counsel stated, after the close of his case, that he had omitted to prove a fact in its proper place, because it was so plain that he supposed it would not be disputed, the judge allowed him to supply the proof, although it was objected to. The admission of such testimony, under the circumstances stated, is in the sound discretion of the trial judge and cannot be reviewed on error, unless there has been a clear abuse of discretion which materially affects the rights of the party. I do not perceive such to have been the case here. For the errors in rejecting the rebutting testimony, which bore directly upon the subject-matter of the defense, was connected with it, and tended to controvert and disprove it, there must be a new trial.

Judgment reversed and new trial ordered.

The other Justices concurred.