## MEADE v. BOWLES.

1. EXECUTORS AND ADMINISTRATORS — ATTORNEY'S SERVICES — PAROL AGREEMENT—STATUTE OF FRAUDS.
   An administrator's oral agreement to pay for legal services rendered in proceedings instituted by him in behalf of the estate is not within the statute of frauds, where the credit is extended to him personally, even though he can receive no benefit from the litigation.

2. EVIDENCE—LOST LETTER—COPY—PROOF OF CONTENTS.
   Where a copy of a letter written to defendant by plaintiff's assignor was read to defendant in the course of negotiations on which suit is based, the copy is competent evidence, although no notice has been given defendant to produce the original; and, upon a showing that the copy is lost, proof of its contents is admissible.

3. SAME—ORDER OF PROOF—DISCRETIONARY ACTION.
   Defendant cannot complain because the court, in its discretion, allowed plaintiff to give testimony in rebuttal which should have been presented earlier, where defendant was not denied the privilege of contradicting such testimony.

4. SAME—STATEMENT OF CASE—VARIANCE.
   Evidence of an agreement to pay for legal services at the rate of $10 per day is not at variance with the opening statement of counsel that a "reasonable fee" was agreed to be paid.

Error to Shiawassee; Smith, J.   Submitted April 3, 1900.   Decided May 2, 1900.

*Assumpsit* by Otis Meade against Robert Bowles upon an assigned claim for legal services. From a judgment for plaintiff, defendant brings error. Affirmed.

*Thomas J. Horsman* and *John T. McCurdy*, for appellant.

*A. L. Chandler*, for appellee.

HOOKER, J.   The plaintiff sued before a justice of the peace, as assignee of a firm of lawyers, the claim being upon certain fees charged by them, against the defendant, for services rendered in a proceeding instituted by him as administrator of an estate in which his wife was interested. The declaration consisted of the common counts, and the plea was the general issue.   Upon the trial in the circuit, the plaintiff offered testimony tending to prove a conversation in which his assignors refused to render such services unless the defendant would agree to become personally responsible for their fees, which he did.   Oral testimony was also introduced, on behalf of the plaintiff, of the contents of a postal card received from the defendant, containing a promise to pay for such services, after proof of the loss of such postal card was made.   A verdict was rendered for the plaintiff, and the defendant has appealed.

There are many assignments of error, mostly pertaining to rulings upon the introduction of evidence.   It is contended that the alleged contract was void under the statute of frauds, as it appears that the litigation in which plaintiff's assignors rendered services was for an estate. It matters not whether the services benefited the defendant or not, as one may bind himself to pay for services rendered for another, if that is the arrangement, and the credit is given to him.   This is claimed to be his debt, and not that of the estate; that he was the original debtor, and not one who promised to pay the debt of another.   If plaintiff's testimony is true, his assignors refused to enter into contract relations with any one but the defendant personally.   The ·testimony was, therefore, competent,

and the court did not err in refusing to take the case from the jury.

The testimony as to the contents of defendant's postal card was competent, the loss having been first proven. It was shown that this postal card was an answer to a letter written by Chandler & Richards, plaintiff's assignors. This letter was not produced, nor was a notice to produce it given to the defendant. Chandler testified that he kept a copy of this letter, and on one occasion read it and the postal card to the defendant, and said to the defendant that, if he wanted them to work under the terms of the letter and postal card, they would begin, and defendant said that would be satisfactory. Objection was made to proof of the contents of the copy of the letter thus read to the defendant. The court held that, as this copy was read to the defendant, it was admissible, and, being lost, proof of its contents was competent. We think there was no error in this. This testimony was given in rebuttal, and, while it should have been presented earlier, it was within the discretion of the court. We do not discover that defendant was denied the privilege of contradicting this testimony, and we cannot, therefore, say that its admission was error.

It is claimed that the testimony was at variance with the opening statement of counsel, because the former tended to show an agreement that the work should be paid for at the rate of $10 per day, while the opening statement was that a reasonable fee should be paid. This proof was within the declaration, and we think it admissible. It was, in substance, within the statement.

We find no error in the rulings upon the introduction of evidence.

Several assignments relate to the charge, but, as nothing is claimed for them in the brief, we need not consider them.

The judgment is affirmed.

The other Justices concurred.