KOZLOWSKI *v.* DETROIT UNITED RAILWAY.

Trial—Rebuttal—Evidence—Order of Proof.

In an action for injuries sustained by defendant's trolley pole falling on plaintiff, in the highway, it was not error to permit the plaintiff, who had offered no direct evidence of negligence, to show on rebuttal that the falling of the pole was not due, as defendant's evidence had tended to show, to the fact that the arm of a steam shovel caught a span wire and broke the pole; it was within the court's discretion to permit the introduction on rebuttal of evidence that should have been offered as a part of plaintiff's case.

Error to Oakland; Smith, J. Submitted January 30, 1913. (Docket No. 75.) Decided March 20, 1913.

Case by Walter Kozlowski against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*James H. Lynch,* for appellant.

*Kleber P. Rockwell* and *Glenn C. Gillespie,* for appellee.

Moore, C. J. The plaintiff, while riding on Woodward avenue in a market wagon, was injured by the fall-

ing upon him of a cedar pole used to carry a trolley wire of the defendant's road. The plaintiff sued the company and recovered a judgment for $378. The case is brought here by writ of error.

The plaintiff introduced evidence as to how the accident happened, and the extent of the injury, and it was his claim that by this testimony defendant was shown to be negligent. It was the claim of defendant that the pole fell, not because it was of insufficient strength, but because the arm of a steam shovel came in contact with a span wire and caused the pole to break and fall, causing other poles to fall. Testimony was given tending to support this claim. Plaintiff then introduced testimony tending to show that the accident was not caused by the steam shovel. Counsel say (we quote from the briefs):

"It was the duty of plaintiff, if he wished to introduce testimony negativing the liability of the steam shovel, to have introduced such testimony on his case in chief. I have been unable to find a case in which this precise point is raised. The rule of law is, however, very clearly stated 'that when the damages arose from one of two causes, for one of which the defendant is responsible and for the other of which it is not responsible, the plaintiff must fail, if his evidence does not show that the damages were produced by the former cause, and he must fail also if it is just as probable that they were caused by one as the other.' *Knapp* v. *Railway Co.*, 114 Mich. 199, page 201 [72 N. W. 200]."

We think the claim of counsel is without merit. If the testimony was not strictly rebutting, it was within the power of the court to permit its introduction out of its order. See *Chase* v. *Lee*, 59 Mich. 237 (26 N. W. 483); *Meade* v. *Bowles*, 123 Mich. 696 (82 N. W. 658).

The other assignment of error is not urged by counsel. The judgment is affirmed.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.