## KARAS v WHITE

Docket No. 46365. Submitted June 10, 1980, at Detroit.—Decided August 18, 1980.

Robert M. Karas brought an action for damages against George White for injuries sustained in an automobile accident. The central issue was whether or not Karas suffered serious impairment of a body function within the meaning of the automobile no-fault insurance statute. The Macomb Circuit Court, George R. Deneweth, J., entered a judgment on a jury verdict of no cause of action in favor of the defendant. Plaintiff appeals, alleging that the trial court erred in its instructions to the jury. *Held:*

1. The jury was instructed that "serious impairment means impairment of more than ordinary severity". This instruction was erroneous because it does not comport with the statutory standard.

2. The trial court erred by instructing the jury regarding death and permanent serious disfigurement because no such issue was raised by the facts in this case.

3. A refusal to instruct that serious impairment of body function need not be permanent is error.

4. The instructional errors served to increase the plaintiff's burden and were sufficiently misleading to the jury to mandate a new trial.

Reversed and remanded.

1. INSURANCE — AUTOMOBILES — NO-FAULT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

A jury instruction explaining the phrase "serious impairment of a body function", in a case brought under the no-fault automobile insurance statute, which stated that "serious impairment means impairment of more than ordinary severity" is erro-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 7 Am Jur 2d (Rev), Automobile Insurance § 349.
  75 Am Jur 2d, Trial § 718.
[2] 75 Am Jur 2d, Trial §§ 604, 928, 929.
[3] 75 Am Jur 2d, Trial § 754.

neous because it does not comport with the statutory standard (MCL 500.3135[1]; MSA 24.13135[1]).

2. TRIAL — JURY INSTRUCTIONS — IRRELEVANT AND IMMATERIAL PROPOSITIONS.

   Submission of irrelevant and immaterial propositions to a jury is error.

3. TRIAL — JURY INSTRUCTIONS — REVERSIBLE ERROR.

   Errors in a trial court's instructions to a jury require reversal where they served to increase the plaintiff's burden of proof and were misleading to the jury.

4. INSURANCE — AUTOMOBILES — NO-FAULT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

   Refusal to instruct a jury, in a case brought under the no-fault automobile insurance statute, that serious impairment of body function need not be permanent is error (MCL 500.3135[1]; MSA 24.13135[1]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt),* for plaintiff.

*Halsey, Halsey & Pommerening,* for defendant.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. This action arose out of an automobile accident. Defendant admitted liability, contesting only the amount of damages. The central issue in the case was whether plaintiff sustained serious impairment of a body function. MCL 500.3135(1); MSA 24.13135(1). Plaintiff appeals the jury verdict of no cause of action in favor of defendant.

At trial, it was plaintiff's testimony that immediately following the accident, on December 7, 1974, he was hospitalized and his swollen ankle was x-rayed and placed in a walking cast. Plaintiff testified further that his leg felt numb at first and that he experienced pain during his convalescence.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff stated that during the latter part of 1975 and in 1976 he felt a "dull, creeping pain" in his ankle, three or four times a month. This was at a time when his job required him to be on his feet 90 percent of the time. It was in 1976, also, that he began to test his ankle in such sports as tennis and bowling and, experiencing pain, was forced to favor his ankle. Finally, it was plaintiff's testimony that he continued to experience pain a couple of times a month right up until time of trial.

The only other witness to testify at trial was the plaintiff's family doctor. The doctor testified that he first saw plaintiff sometime on or about December 19, 1974, approximately 12 days after the accident. At that time, plaintiff was still in his cast and the doctor diagnosed his injury as a chip fracture of the heel bone. The doctor also testified that plaintiff had some traumatic arthritis which he defined as a joint impairment due to an injury to the surface of the bones where they meet at the joint. The doctor stated that he believed this discomfort would continue, perhaps for life. Finally, it was the doctor's view that the torn ligament, a soft tissue injury, was the more important injury.

On cross-examination, plaintiff's doctor acknowledged that when plaintiff was last examined on March 28, 1975, his examination revealed no swelling of the joint or complaint of pain, nor did he note any inflammation of the ankle or impairment of motion. No radiological evidence of traumatic arthritis was noted because no x-rays had been taken.

The principal errors argued by plaintiff relate to the trial court's instructions to the jury. Plaintiff alleges first that the court erred in instructing that "serious impairment means impairment of more than ordinary severity". *Smith v Sutherland,*

93 Mich App 24; 285 NW2d 784 (1979). See also *Stevens v Hogue,* 85 Mich App 185, 189; 279 NW2d 735 (1978). We agree. While *Smith, supra,* had not yet been decided (released October 15, 1979) at the time of trial here (April 9, 1979), no new rule of law was formulated, no previous decision of the court overruled. *People v Fields,* 391 Mich 206, 217-221; 216 NW2d 51 (1974). The *Smith* Court merely pointed to the clear language of the statute in holding that this particular instruction did not comport with the statutory standard. There is, then, no basis for the defendant's argument concerning retroactive application of the *Smith* Court's decision.

It was also error for the court to instruct the jury regarding death and permanent serious disfigurement since no such issue was raised by the facts in this case. Submission of irrelevant and immaterial propositions to the jury is confusing and misleading and, therefore, erroneous. *Irwin v Carlton,* 369 Mich 92; 119 NW2d 617 (1963).

We conclude that these instructional errors require reversal because together they served to increase the plaintiff's threshold burden and were sufficiently misleading to mandate that the plaintiff receive a new trial. It cannot be said with any certainty that but for these instructions the plaintiff might not have met his threshold burden with the jury regarding the gravamen of his complaint.

For purposes of retrial, we note that a refusal to instruct that serious impairment of body function need not be permanent is error. See *Smith, supra,* 27, fn 1, *Cassidy v McGovern,* 86 Mich App 321, 327; 272 NW2d 644 (1978) (Bashara, J., concurring/dissenting opinion).

Plaintiff's remaining issues are without merit.

Reversed and remanded for proceedings consistent with this opinion. Costs to appellant.