KOKINAKES v BRITISH LEYLAND, LTD

Docket No. 59767. Submitted November 7, 1982, at Detroit.—Decided April 6, 1983. Leave to appeal applied for.

Plaintiff, Andrew Kokinakes, brought a suit in the Wayne Circuit Court against defendants, British Leyland, Ltd., Detroit Automobile Inter-Insurance Exchange, Gary Tilt and Jean Tilt, and others, seeking damages for injuries sustained in a one-car automobile accident and alleging negligent design and breach of warranty on the part of the automobile's manufacturer. Following a trial, the jury returned a special verdict which found that defendant British Leyland, Ltd., was not negligent and that it did not breach an implied warranty of fitness. The trial court, Susan D. Borman, J., entered an order and judgment to that effect. Plaintiff appeals, following the trial court's denial of his motion for a new trial, alleging several errors. *Held:*

1. The subject of any party to a lawsuit having recourse to an insurance policy cannot be raised at trial. Violation of this rule places offending counsel in the position of having to overcome, by a persuasive showing, a presumption that his remarks were prejudicially improper. Here, defense counsel violated this rule but has overcome the presumption of prejudice that accompanies such a violation. The important factor here is that the jury never reached the issue of damages. A special verdict form was submitted to the jury. The jury specifically found that defendant, British Leyland, Ltd., was not negligent and that it did not breach an implied warranty of fitness. This finding by the jury overcomes the presumption of prejudice raised by defense counsel's remarks.

2. The trial court correctly found that the conduct of defense

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 208, 256.
   Admissibility, after enactment of Rule 411, Federal Rules of Evidence of liability insurance in negligence actions. 40 ALR Fed 541.
[2] 58 Am Jur 2d, New Trial § 63.
[3] 29 Am Jur 2d, Evidence §§ 250, 269.
   75 Am Jur 2d, Trial § 146.

counsel and a defense witness at trial did not amount to such misconduct as to necessitate a new trial. The remarks complained of by plaintiff do not evidence a deliberate course of conduct on the part of defense counsel aimed at preventing plaintiff from receiving a fair and impartial trial.

3. The trial court did not abuse its discretion in excluding the testimony of a witness in rebuttal since the proposed rebuttal testimony would not have been particularly helpful to a clear understanding of the issues in the case. The scope of rebuttal evidence is left to the sound discretion of the trial court.

Affirmed.

1. TRIAL — INSURANCE — NEGLIGENCE — PRODUCTS LIABILITY — PREJUDICIAL REMARKS — PRESUMPTIONS.

The subject regarding any party to a lawsuit having recourse to an insurance policy cannot be raised at a trial for negligence or products liability; violation of this rule places offending counsel in the position of having to overcome, by a persuasive showing, a presumption that his remarks were prejudicially improper.

2. APPEAL — MISCONDUCT OF COUNSEL AND WITNESSES — NEW TRIALS.

A trial court's finding that alleged misconduct by defense counsel and a defense witness did not amount to such misconduct as to necessitate a new trial will be affirmed on appeal where the Court of Appeals agrees with the trial court and does not find the asserted misconduct to require a new trial and where the remarks complained of did not evidence a deliberate course of conduct on the part of defense counsel aimed at preventing plaintiff from receiving a fair and impartial trial.

3. EVIDENCE — REBUTTAL EVIDENCE — SCOPE OF EVIDENCE — JUDICIAL DISCRETION.

The scope of rebuttal evidence is left to the sound discretion of the trial court.

*Richard M. Goodman, P.C.* (by *William R. Seikaly* and *Richard M. Goodman*), and *Ronald R. Stempien, P.C.* (by *Ronald R. Stempien*), for plaintiff.

*Jeannette A. Paskin,* and *Hibbs, Lewis, Finney & Welch, P.C.* (by *Mark J. Hibbs*), of counsel, for defendants.

Before: WAHLS, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiff initiated suit for injuries sustained in a one-car automobile accident, alleging negligent design and breach of warranty on the part of the automobile's manufacturer. Following trial, the jury returned a special verdict, finding that defendant British Leyland, Ltd., was not negligent and that it did not breach an implied warranty of fitness. Plaintiff appeals as of right.

Plaintiff argues first that reversible error occurred when defense counsel mentioned, in closing argument, that plaintiff was not seeking compensation for medical bills or for the first three years of wage loss because, asserted counsel:

"This accident occurred during what's called no-fault time. Medical bills for life are taken care of through another source. You know that the first three years of whatever loss *[sic]* wages he sustained are not recoverable. They are recovered from insurance."

Plaintiff promptly objected to defense counsel's statement and in the ensuing dialogue the trial court sustained the objection. Plaintiff argues on appeal that the mentioning of no-fault insurance coverage was improper and irremediably prejudiced plaintiff's case, notwithstanding his failure to request a curative instruction.

The subject of any party to a lawsuit having recourse to an insurance policy cannot be raised at trial. *Felice v Weinman,* 372 Mich 278, 280; 126 NW2d 107 (1964), see *Reetz v Kinsman Marine Transit Co,* 416 Mich 97; 330 NW2d 638 (1982). Violation of this rule places offending counsel in the position of having to overcome, by a persuasive

---

* Circuit judge, sitting on the Court of Appeals by assignment.

showing, a presumption that his remarks were prejudicially improper. *Felice, supra,* p 280.

In the instant case, evidence relating to plaintiff's treatment for injuries revealed that extensive medical expenses were incurred and that there would be further costly medical care for the rest of plaintiff's life. Although plaintiff's request for compensation was limited to noneconomic damages, defense counsel sought to underscore that medical expenses and wage loss were eliminated from the jury's consideration. Defense counsel violated a standing rule of court in mentioning plaintiff's insurance and must persuasively overcome the presumption of prejudice that accompanies such a violation.

We believe counsel has met this burden. The trial court noted the sometimes spirited byplay between counsel throughout this seven-week trial and, in a thoughtful and detailed opinion, denied plaintiff's motion for a new trial, even though she found that defense counsel had raised the issue in defiance of her ruling. It should be noted, however, that at the time of this trial the Court of Appeals had issued conflicting opinions on whether a plaintiff who had received three years of benefits under no-fault could sue for losses sustained in those years. Compare *Schwark v Lilly,* 91 Mich App 189; 283 NW2d 684 (1979), *rev'd on other grounds* 411 Mich 909; 307 NW2d 334 (1981), with *Citizens Ins Co of America v Tuttle,* 96 Mich App 763; 294 NW2d 224 (1980), *rev'd* 411 Mich 536; 309 NW2d 174 (1981). The trial court's rationale in denying the motion for a new trial was as follows:

"The evidence relating to plaintiff's injuries revealed extensive medical expenses incurred as a result. There was testimony that there would be a need for costly medical care for the rest of the plaintiff's life. Although

the plaintiff and his counsel, as documented by the transcript, limited their request for damages to noneconomic losses, the testimony regarding medical expenses painted a picture of substantial expense, an issue which the defense sought to eliminate from the jury's consideration.

"The issue in this case is not whether defense counsel acted improperly in mentioning the insurance coverage. Nor is it whether the plaintiff ought to have received some compensation for his admittedly serious injuries. The issue is whether the intentional injection of the insurance issue was calculated to and did prejudice the plaintiff's case to the extent that a new trial is required. Because this court is convinced that the mention of no-fault insurance was done to delineate the issues of damage for the jury, a new trial is not required."

The important factor here is that the jury never reached the issue of damages. A special verdict form was submitted to the jury. The jury specifically found that defendant British Leyland, Ltd., was not negligent and that it did not breach an implied warranty of fitness. We believe that this finding by the jury overcomes the presumption of prejudice raised by defense counsel's remarks.

Plaintiff argues next that he was denied a fair trial by the misconduct of defense counsel and a defense witness. This misconduct included defense counsel's references to the prominence of plaintiff's attorney and objections to plaintiff's attorney's "staring into the eyes of the jury" while directing questions to a witness on the stand. Plaintiff asserts, also, that an expert witness for the defense made improper remarks on the witness stand. Following trial, the trial court reviewed these allegations of misconduct in connection with plaintiff's motion for a new trial. The court found that, while defense counsel's conduct

was "highly improper" and the defense witness's statement to plaintiff's attorney while on cross-examination, to wit: "Now don't give me no smart ass looks", was "not commendable", this conduct did not amount to such misconduct as to necessitate a new trial. After carefully reviewing the incidents and the opinion of the trial court, we agree with the trial court. Reviewing this case under the guidance of *Reetz, supra,* we do not find the asserted misconduct to require a new trial. The relatively few remarks made during the course of a seven-week trial do not evidence a deliberate course of conduct on the part of defense counsel aimed at preventing plaintiff from receiving a fair and impartial trial.

Plaintiff argues finally that the trial court erred in denying plaintiff the opportunity to present the testimony of a witness in rebuttal. The scope of rebuttal evidence is left to the sound discretion of the trial court. *Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318, 327; 253 NW2d 748 (1977). Our review of the case convinces us that the proposed rebuttal testimony would not have been particularly helpful to a clear understanding of the issues in the case. We find that the trial court did not abuse its discretion in excluding the rebuttal evidence.

Affirmed.