ARGENTA v SHAHAN

Docket Nos. 66840, 66927. Submitted March 7, 1984, at Detroit.—
Decided June 19, 1984. Leave to appeal applied for.

Plaintiff, Robert Argenta, who was injured in an automobile
accident, brought an action against defendant, Opal Shahan, in
the Wayne Circuit Court alleging serious impairment of body
function. A mediation award of $21,000 was accepted by plain-
tiff and rejected by defendant. The jury awarded plaintiff
$340,500, of which $23,000 was for economic losses, $42,500 was
for noneconomic losses and $275,000 was for loss of earning
capacity. The court granted *remittitur,* reduced the award for
loss of earning capacity to $100,000 and entered judgment,
Harold M. Ryan, J. Both parties appealed and the appeals were
consolidated. *Held:*

1. The trial court correctly refused to instruct on mitigation
of damages. Defendant did not present any evidence to show

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages §§ 200, 291, 292, 297, 360.
  Pleading matter in mitigation of damages in tort action other than
    libel and slander. 75 ALR2d 481.
[2] 75 Am Jur 2d, Trial § 624.
[2, 4, 6] 7 Am Jur 2d, Automobile Insurance § 349.
  Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.
[3] 5 Am Jur 2d, Appeal and Error §§ 624, 625.
  7 Am Jur 2d, Attorneys at Law §§ 41-47.
  75 Am Jur 2d, Trial § 317.
[4] 22 Am Jur 2d, Damages § 86.
  74 Am Jur 2d, Torts § 30.
[4, 6] 7 Am Jur 2d, Automobile Insurance §§ 358, 361.
[5] 29 Am Jur 2d, Evidence §§ 250, 269.
[7] 4 Am Jur 2d, Appeal and Error §§ 110, 111.
  5 Am Jur 2d, Appeal and Error § 886.
[8, 9] 5 Am Jur 2d, Appeal and Error § 939.
[9] 22 Am Jur 2d, Damages §§ 366, 367.
[10, 11] 20 Am Jur 2d, Courts § 84.
[11] 7 Am Jur 2d, Attorneys at Law § 295.
  Court rules limiting amount of contingent fees or otherwise impos-
    ing conditions on contingent fee contracts. 77 ALR2d 411.

that plaintiff did not make every reasonable effort to minimize damages, and defendant's theory at trial was that plaintiff had no injury at all.

2. The trial court correctly refused to place the issue of serious impairment of body function in context by reading the statute including the other two exceptions to the abolition of tort liability, namely, death and permanent serious disfigurement. Reference to the alternative thresholds of that liability would have been irrelevant and caused confusion.

3. Defendant argued that she was denied a fair trial by a deliberate and calculated attempt by plaintiff's attorney to create prejudice, bias, and sympathy despite the fact that the trial court specifically found that plaintiff's attorney was not guilty of any misconduct. In some of the instances complained of, an objection elicited a curative instruction from the court. In others, no objection was made. A request for a curative instruction or a motion for a mistrial is a prerequisite to appellate review of a claim of attorney misconduct unless the misconduct may have caused the result or played too large a part and may have denied a party a fair trial. In none of those cases did the conduct rise to the level of denying defendant a fair trial.

4. A plaintiff who proves he has suffered a serious impairment of body function under the no-fault act is entitled to recover, in addition to noneconomic losses, economic losses not guaranteed by the no-fault act. Thus, where the plaintiff could not recover work-loss benefits from his insurance carrier, he may recover for loss of earning capacity in a tort action. The jury's award for past income lost was not purely speculative, plaintiff having proven a decrease in income by the introduction of a tax return.

5. Plaintiff is entitled to recover for loss of future earning capacity.

6. The trial court did not err in admitting on rebuttal thermographic evidence of plaintiff's injury to rebut the defendant's assertion that there was no objective evidence of any injury. The scope of rebuttal in civil cases is within the sound discretion of the trial court.

7. Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court. Where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff

has suffered a serious impairment of a body function. The evidence of injury presented by the plaintiff was sufficient to defeat a motion for a directed verdict on the issue of serious impairment of body function.

8. The power to order or deny *remittitur* should be exercised with restraint, and the Court of Appeals, in reviewing a decision of a trial court to grant or deny *remittitur* or a new trial, must determine whether there has been an abuse of discretion. The granting of *remittitur* was not a clear abuse of discretion.

9. A rule of the Wayne Circuit Court, the court with the most crowded civil docket in the state, which limits awards of attorney fees to a per diem for actual trial days where mediation was rejected is a rational way to discourage the bringing of suits in Wayne Circuit Court and does not violate the constitutional guarantee of equal protection of the law.

Affirmed.

1. DAMAGES — MITIGATION OF DAMAGES — JURY INSTRUCTIONS.

An injured party must make every reasonable effort to minimize damages suffered; it is the burden of the defendant, however, to show that the plaintiff has not used every reasonable effort within his power to minimize damages and, absent such a showing, the defendant is not entitled to an instruction on the mitigation of damages.

2. TORTS — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION — JURY INSTRUCTIONS.

Reference to the alternative thresholds of tort liability, namely death and permanent serious disfigurement, in an action under the no-fault act alleging serious impairment of body function is irrelevant and causes confusion.

3. APPEAL — ATTORNEY MISCONDUCT — PRESERVING QUESTION.

A request for a curative instruction or a motion for a mistrial is a prerequisite to appellate review of a claim of attorney misconduct unless the misconduct may have caused the result or played too large a part and may have denied a party a fair trial.

4. TORTS — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION — ECONOMIC LOSSES — EARNING CAPACITY.

A plaintiff who proves that he has suffered a serious impairment of body function under the no-fault act is entitled to recover, in addition to noneconomic losses, economic losses not guaranteed by the no-fault act; thus, where the plaintiff could not recover work-loss benefits from his insurance carrier, he may recover

for loss of earning capacity in a tort action; loss of earning capacity is not what the plaintiff would have but what he could have earned but for the injury.

5. EVIDENCE — REBUTTAL EVIDENCE.

The scope of rebuttal in civil cases is within the sound discretion of the trial court.

6. INSURANCE — NO-FAULT ACT — TORTS — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of a body function (MCL 500.3135[1]; MSA 24.13135[1]).

7. APPEAL — DIRECTED VERDICTS.

An appellate court views the evidence in the light most favorable to the nonmoving party when reviewing a trial court's denial of a motion for a directed verdict and will affirm such denial where the evidence, when so viewed, establishes a prima facie case.

8. JUDGMENTS — *REMITTITUR* — APPEAL.

The power to order or deny *remittitur* should be exercised with restraint, and the Court of Appeals, in reviewing a decision of a trial court to grant or deny *remittitur* or a new trial, must determine whether there has been an abuse of discretion.

9. JUDGMENTS — *REMITTITUR*.

Courts are reluctant to disturb jury verdicts in personal injury cases and give great deference to the jury determination; where the trial court finds no other errors in the trial, *remittitur* may only be ordered if the verdict is so excessive as to shock the judicial conscience.

10. CONSTITUTIONAL LAW — COURT RULES — EQUAL PROTECTION.

Procedural rules of court are not exempt from the constitutional test as to equal protection of laws.

11. TRIAL — COURT RULES — ATTORNEY FEES — EQUAL PROTECTION.

A rule of the Wayne Circuit Court, the court with the most crowded civil docket in the state, which limits awards of

attorney fees to a per diem for actual trial days where mediation was rejected is a rational way to discourage the bringing of suits in Wayne Circuit Court and does not violate the constitutional guarantee of equal protection of the law (WCCR 403.16).

*Frederick W. Lauck,* for plaintiff.

*Law Offices of Daniel Zolkower* (by *Conrad J. Ceglowski),* for defendant.

Before: T. M. BURNS, P.J., and HOOD and H. E. DEMING,* JJ.

PER CURIAM. This case arises out of an automobile accident. Defendant admitted negligence[1] and plaintiff brought suit, claiming that he suffered back injuries which were a serious impairment of a body function. The jury returned a verdict in plaintiff's favor in the amount of $340,500. The trial court partially granted defendant's motion for *remittitur,* reducing the award to $165,500. Both plaintiff and defendant appeal.

On appeal, defendant first argues that the trial court improperly instructed the jury. The trial court denied defendant's request to give the standard jury instruction on mitigation of damages. SJI2d 53.05.

The trial court correctly refused to instruct the jury pursuant to SJI2d 53.05 since defendant did not carry her burden. Defendant had the burden to show that plaintiff did not use every reasonable effort within his power to minimize damages. *Williams v American Title Ins Co,* 83 Mich App 686, 697; 269 NW2d 481 (1978). There was no evidence before the jury which indicated that plaintiff's injury might have been lessened by more frequent

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant admitted liability under the owner's liability statute. MCL 257.401; MSA 9.2101.

visits to a doctor or by surgery. Defendant's own medical witness stated that there was no reason to perform surgery. Defendant's theory at trial was that plaintiff had no injury whatsoever, not that he failed to mitigate his damages. Defendant was not entitled to an instruction on mitigation of damages.

Defendant next argues that the trial court should have placed the issue of serious impairment of body function in context by reading MCL 500.3135(1); MSA 24.13135(1), including the other two exceptions to the abolition of tort liability, namely "death" and "permanent serious disfigurement". The trial court correctly declined to do so. Plaintiff survived the accident, and advanced no disfigurement claim. Reference to the alternative thresholds of tort liability would have been irrelevant and caused confusion. *Karas v White,* 101 Mich App 208, 211; 300 NW2d 320 (1980).

Defendant next argues that she was denied a fair trial by a deliberate and calculated attempt by plaintiff's attorney to create prejudice, bias, and sympathy despite the fact that the trial court specifically found that plaintiff's attorney was not guilty of any misconduct. Defendant points to six areas which she alleges illustrate misconduct by plaintiff's attorney. In some instances, a defense objection was sustained by the trial judge. In others, no objection was raised. A request for a curative instruction or a motion for a mistrial is requisite to appellate review of a claim of attorney misconduct unless the misconduct "may have caused the result or played too large a part and may have denied a party a fair trial". *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 103; 330 NW2d 638 (1982). The record does not show that a course of misconduct was so persistently followed

that a charge of the court in an effort to obviate prejudice would have been useless. *Reetz, supra,* p 112.

Defendant first points to plaintiff's attorney's remark concerning a drummer with broken wrists. Plaintiff's attorney used this argument to illustrate an example of a serious body impairment. One of the jurors was a drummer. It was error to apply a hypothetical set of facts to the jurors personally. *Clark v Grand Trunk W R Co,* 367 Mich 396, 400; 116 NW2d 914 (1962). Defendant did not object to this remark which could have been cured by a cautionary instruction. Defendant's failure to object, therefore, precludes appellate review.

The record also does not show that plaintiff's attorney improperly appealed to the jury for sympathy. The references to plaintiff's parents were not error since they served to explain why plaintiff kept working despite his injuries. Counsel's argument that it was difficult for plaintiff to take his claim to trial and testify was an attempt to bolster plaintiff's credibility. Defendant's case was based on the premise that plaintiff was malingering. Plaintiff's attorney properly argued that his client was not malingering. *Firchau v Foster,* 371 Mich 75, 78; 123 NW2d 151 (1963). Plaintiff's attorney had the right to argue that his witness spoke the truth. *Reetz, supra,* p 109.

Plaintiff's attorney also did not improperly attack defense counsel. Most of these remarks were objected to. The trial court properly cured any error caused by these remarks. These remarks did not constitute reversible error. *Wayne County Bd of Road Comm'rs v GLS Leasco,* 394 Mich 126, 136-137; 229 NW2d 797 (1975).

Plaintiff's attorney also properly referred to the

accident in his opening statement. Even though defendant admitted liability, the facts surrounding the collision remained relevant to the likelihood that plaintiff suffered a serious back injury. MRE 401. Defense counsel even commented on the accident and cross-examined plaintiff on the details of the accident.

Plaintiff's attorney also properly cross-examined one of defendant's medical experts, Dr. Larry Blau. Plaintiff's attorney asked Dr. Blau whether he was aware that his evaluation was for purposes of litigation. Surprisingly, Dr. Blau exhibited an unwillingness to admit that he knew his evaluation was in connection with litigation, even though he did it in response to defense counsel's request, and the letter he received from the defense counsel had the case title and docket number listed. Plaintiff's attorney also questioned Dr. Blau about the frequency of his appearing in court cases and the nature of his position at an industrial clinic.

All of these inquiries were proper subjects of cross-examination. *Wilson v Stilwill,* 411 Mich 587, 599-602; 309 NW2d 898 (1981). The trial court fulfilled its duty to "be alert to questions which harrass, intimidate, or belittle a witness" by sustaining objections to the more roughly phrased inquiries. *Wilson, supra,* p 599.

Plaintiff's attorney also properly commented on a prior court ruling regarding defense counsel's misstatement of a legal proposition. Even though the trial court previously ruled that defense counsel's statement was improper, plaintiff's attorney could properly remind the jury not to be influenced by defense counsel's misstatement.

Defendant's argument that the jury's award of damages for past loss of income was purely speculative lacks merit. Plaintiff submitted a tax return

to substantiate his claim that his income decreased as a result of the injury. The return evidenced a downward trend in plaintiff's income after the accident. Defendant also argues that plaintiff's failure to exhaust his remedies against his insurance carrier bars him from recovery of damages for lost income in a tort action. The no-fault statute forbids recovery for loss of income, except "work-loss" damages "in excess of the daily, monthly and 3-year limitations contained in" MCL 500.3107(b); MSA 24.13107(b). MCL 500.3135(2)(c); MSA 24.13135(2)(c). MCL 500.3107(b); MSA 24.13107(b) contains an adjustable, monthly cap on the sum of benefits paid and the allowable income earned by an injured person for work during the same period. Plaintiff earned well in excess of this monthly cap and had no hope of obtaining work-loss benefits from his own carrier and, therefore, could recover damages for lost income in a tort action. MCL 500.3135(2)(c); MSA 24.13135(2)(c).

Defendant further urges that damages for loss of earning capacity are barred by the no-fault statute. She relies on decisions which hold "that the Legislature intended to provide work-loss benefits for actual loss, but excluded recovery for loss of earning capacity". *Gerardi v Buckeye Union Ins Co,* 89 Mich App 90, 93; 279 NW2d 588 (1979); *Struble v Detroit Automobile Inter-Ins Exchange,* 86 Mich App 245; 272 NW2d 617 (1978); *Nawrocki v Hawkeye Security Ins Co,* 83 Mich App 135; 268 NW2d 317 (1978). Each of these cases involved a claim against the plaintiff's own insurance carrier. In each case, this Court stressed the statutory definition of "work loss" as "loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured". MCL 500.3107(b); MSA 24.13107(b).

Since plaintiff proved that he suffers a serious impairment of body function, he may recover economic losses not guaranteed by the no-fault act. Since plaintiff could not have recovered work-loss benefits from his insurance carrier, he could recover for loss of earning capacity in the instant tort action. In *Prince v Lott,* 369 Mich 606, 610; 120 NW2d 780 (1963), the Court defined loss of earning capacity as "not what plaintiff would have but what he could have earned but for the injury". In the instant case, the trial judge instructed the jury that it could award damages for loss of income which plaintiff "is reasonably certain to sustain in the future". It seems unlikely that the term "earning capacity", as used on the jury form and in argument, had any significance to the jurors. Since the trial court properly instructed the jury, reversal is not required.

Defendant next argues that the trial court erred by allowing plaintiff to call a medical expert as a rebuttal witness. Defendant's experts testified that there was no objective evidence to support plaintiff's complaints of pain. Plaintiff then rebutted defendant's experts by offering the testimony of Dr. Gunabalan, who stated that plaintiff's complaints of pain were supported by the results of thermographic testing.

The scope of rebuttal in civil cases is within the sound discretion of the trial court. *Wolak v Walczak,* 125 Mich App 271, 279; 335 NW2d 908 (1983); *Kokinakes v British Leyland, Ltd,* 124 Mich App 650, 655; 335 NW2d 114 (1983). While Dr. Gunabalan could have testified during plaintiff's case in chief, the admission of his testimony cannot be reviewed on a claim of error unless there has been a clear abuse of discretion which materially affects

the rights of the parties. *Chase v Lee,* 59 Mich 237, 239; 26 NW 483 (1886). The rule governing the scope of rebuttal evidence should not be applied to defeat the ends of justice. 59 Mich 239. Each of defendant's medical witnesses insisted that there was no objective evidence that plaintiff had a back injury. Dr. Gunabalan properly rebutted this testimony by testifying that objective evidence supported plaintiff's allegation of a back injury. Defendant does not challenge the admissibility of thermographic evidence per se. This new diagnostic tool allows medical examiners to objectively document conditions which may have been previously categorized as subjective complaints. The testimony and video display presented at trial provided objective evidence of plaintiff's claim of injury. The trial court committed no abuse of discretion in admitting it, as the evidence was "particularly helpful to a clear understanding of the issues in the case". *Kokinakes, supra,* p 655.

Defendant next argues that the trial court should have ruled as a matter of law that plaintiff did not suffer a serious impairment of body function. Under the no-fault statute, a person remains subject to tort liability for noneconomic loss arising from a motor vehicle accident if the injured person has suffered a "serious impairment of body function". MCL 500.3135(1); MSA 24.13135(1). In *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982), the Court held that the issue of serious impairment of a body function should be decided as a matter of law when: (1) there is no factual dispute regarding the nature and extent of a plaintiff's injuries; or (2) there is such a dispute, but it is not material to the determination. This Court has applied this rule in cases where the trial was held prior to the *Cassidy* decision. *McDonald v*

*Oberlin,* 127 Mich App 73, 75; 338 NW2d 725 (1983).

In the instant case, the parties' proofs directly conflicted on the question of plaintiff's claimed injury. This dispute was immaterial to the issue only if the injury, as described by plaintiff and his medical witnesses, does not meet the statutory threshold for tort liability, since in considering a motion for directed verdict the trial court can view the evidence in a light most favorable to the nonmoving party. *In re Acquisition of Virginia Park,* 121 Mich App 153, 161; 328 NW2d 602 (1982).

Plaintiff called two medical witnesses, Drs. Steven Newman and Maxwell Newman. Dr. Maxwell Newman testified that plaintiff had sustained muscle tears in his back during the accident. The resulting scar tissue, accompanied by a diminution in the amount of elasticity in the surrounding area, limited plaintiff's range of motion. Using a "passive" range of motion test which he termed "totally objective", Dr. Maxwell Newman found plaintiff's trunk movement restricted by 20 to 30 percent. He found that this impairment restricted plaintiff's bending, lifting, twisting and turning. Dr. Steven Newman agreed with the diagnosis of Maxwell Newman.

This Court recently stated that:

"At this stage in its legal evolution, 'serious impairment of body function' must be decided on a case-by-case basis. *Cassidy v McGovern,* 415 Mich 503. A few standards have developed, though, which will assist the courts. First, 'impairment of body function' actually means 'impairment of *important* body function'. *Cassidy v McGovern,* 415 Mich 504. Second, by its own terms, the statute requires that any impairment be 'serious'. MCL 500.3135(1); MSA 24.13135(1), *McKendrick v Pe-*

*trucci,* 71 Mich App 200, 210; 247 NW2d 349 (1976). Third, the section applies only to 'objectively manifested injuries'. *Cassidy v McGovern,* 415 Mich 505." *Williams v Payne,* 131 Mich App 403, 409; 346 NW2d 564.

Applying these standards, the trial court correctly denied defendant's motion for a directed verdict. It is obvious that the plaintiff's ability to move his back is an important body function. Plaintiff's restricted ability to move his back is an objective manifestation of his injuries. Drs. Maxwell and Steven Newman both found that plaintiff's injury was permanent. Despite this evidence, defendant claims that plaintiff never stayed overnight in a hospital and continued to work after the accident. While these factors are relevant to the seriousness of plaintiff's injury, they do not per se preclude recovery. The trial court, upon consideration of defendant's motion for directed verdict, properly viewed the evidence in a light most favorable toward plaintiff.

We next consider defendant's final argument and plaintiff's initial argument on cross-appeal. Defendant argues that the trial court abused its discretion by not granting a larger *remittitur* of the award for future work loss. The plaintiff on cross-appeal argues that the trial court erred in granting partial *remittitur.*

The standard for reviewing a trial court's determination of whether to grant or deny *remittitur* was stated in *Jones v Sanilac County Road Comm,* 128 Mich App 569, 592; 342 NW2d 532 (1983):

"In reviewing a decision of the trial court to grant or deny a *remittitur* or new trial, this Court must determine whether there has been an abuse of discretion. *Burnett v Mackworth G Rees, Inc,* 109 Mich App 547;

311 NW2d 417 (1981). The *remittitur* power should be exercised with restraint. Courts are reluctant to disturb jury verdicts in personal injury cases and give great deference to the jury determination. Where the trial court finds no other errors in the trial, *remittitur* may only be ordered if the verdict is so excessive as to 'shock the judicial conscience'. *Pippen v Denison Div of ABEX Corp,* 66 Mich App 664; 239 NW2d 704 (1976)."

There was evidence to support the $23,000 award for work-loss damages. Plaintiff submitted his corporation's tax return, which showed a decrease of income. The jury's award of $42,500 for noneconomic loss was also proper. There is no formula to mathematically calculate pain and suffering. *May v City of Grosse Pointe Park,* 122 Mich App 295, 298; 332 NW2d 411 (1982).

The trial court only remitted the jury's award for future losses. The jury awarded $275,000 which was lowered by the trial court to $100,000. An award of $100,000 for plaintiff's future losses was proper. Plaintiff testified that his injury forced him to reduce his work schedule. Plaintiff also testified that he returned to an income level near that which he enjoyed prior to the accident. Plaintiff's income could naturally be expected to rise, along with the general rate of inflation during the period in question. Considering these factors, the trial court did not clearly abuse its discretion by remitting the jury's verdict. The award of $100,000 for future losses is supported by competent evidence.

Plaintiff's final argument in his cross-appeal is that a local Wayne County Court Rule which limits attorney fee awards is unconstitutional. Plaintiff argues that his award for attorney fees was improperly limited by WCCR 403.16. This rule provides that, when a party becomes liable for actual costs because of the rejection of a mediation

award, the party only becomes liable for a per diem attorney fee limited to the actual days spent during trial.

Rules of court are not exempt from constitutional tests. *Wolodzko v Wayne Circuit Judge,* 382 Mich 528, 531; 170 NW2d 9 (1969). The local rule which plaintiff attacks has been approved by the Supreme Court. Accordingly, this Court should defer to the Supreme Court's judgment in this matter unless no state of facts reasonably may be conceived to justify the local rule. *Wolodzko, supra,* pp 533-534.

In *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619, 631; 309 NW2d 539 (1981), the Supreme Court observed that the Wayne County Circuit Court "has the most crowded civil docket of any court in the state". By limiting attorney fees, the Supreme Court may have wished to discourage attorneys from bringing suit in Wayne County. Since this is a rational reason which supports enactment of the local court rule, the rule withstands constitutional scrutiny.

After carefully considering all of the issues presented, we have determined that they lack merit. The decision of the trial court is, therefore, affirmed.

Affirmed.