VOGLER v HENRY FORD HOSPITAL

Docket No. 98942. Submitted December 6, 1988, at Detroit. Decided February 8, 1989.

Joanne Vogler, individually and as personal representative of the estate of Carl J. Vogler, deceased, filed a medical malpractice action against Henry Ford Hospital in Wayne Circuit Court. Carl Vogler had undergone surgery twice at Henry Ford Hospital in connection with injuries suffered in an automobile accident. He died approximately one month after the second surgery. At trial, the court, Henry J. Szymanski, J., used the phrase "guilty of malpractice" in its instruction and reinstruction to the jury during its general charge and after having briefly, during voir dire, explained the difference between the burdens of proof in criminal and civil cases. Following trial, the jury returned a verdict of no cause of action. Plaintiff appealed.

The Court of Appeals *held:*

The court's use of the phrase "guilty of malpractice" improperly increased plaintiff's burden of proof. Instructional errors which increase a plaintiff's burden of proof are grounds for a reversal of a jury verdict.

Reversed and remanded.

1. TRIAL — JURY — BURDEN OF PROOF — INSTRUCTIONAL ERRORS.

Instructional errors which increase a plaintiff's burden of proof are grounds for a reversal of a jury verdict.

2. NEGLIGENCE — MEDICAL MALPRACTICE — JURY INSTRUCTIONS — "GUILTY OF MALPRACTICE".

The use of the phrase "guilty of malpractice" in a trial court's instruction and reinstruction to the jury in a medical malpractice action is improper in that it may lead the jury to believe the plaintiff is obligated to do much more than establish only the professional negligence of the defendant.

*Lopatin, Miller, Freedman, Bluestone, Erlich,*

REFERENCES

Am Jur 2d, Physicians and Surgeons §§ 329, 363; Trial § 754.

See the Index to Annotations under Instructions to Jury; Presumptions and Burden of Proof.

*Rosen & Bartnick* (by *Monica Farris Linkner*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *James H. Hughesian*), for defendant.

Before: WAHLS, P.J., and McDONALD and C. W. SIMON, JR.,* JJ.

PER CURIAM. After a five-day trial in the Wayne Circuit Court in this medical malpractice case, the jury, on January 13, 1987, returned a verdict of no cause of action. Plaintiff appeals as of right and we reverse and remand for a retrial, finding that the trial court's use of the phrase "guilty of malpractice" in its instruction and reinstruction to the jury during its general charge and after having briefly, during voir dire, explained the difference between the burdens of proof in criminal and civil cases improperly increased plaintiff's burden of proof in this action.

The record reveals that on April 25, 1981, Carl Vogler, age forty-nine, suffered serious injuries in an automobile accident, including several broken ribs, a fractured collarbone, a broken spleen and a torn pancreas. He received immediate surgical care by employees at Henry Ford Hospital in Detroit and was discharged on May 9, 1981. Later that same day Mr. Vogler noticed that his dressing was leaking bright red blood and he returned to Henry Ford Hospital by ambulance. On May 11, 1981, further surgery was performed, revealing blood and blood clots in the area of the earlier surgery. Steps were taken to stop the bleeding. However, the day after the second surgery Mr. Vogler had a seizure and fell unconscious. He died on July 9, 1981.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial, both plaintiff, who was married to Mr. Vogler and is the personal representative of his estate, and defendant, Henry Ford Hospital, presented the testimony of an expert medical witness. Plaintiff's expert, William Philip Keane, M.D., opined that the hospital had breached the applicable standard of care in treating Mr. Vogler by failing to tie off the splenic artery at the time of the first surgery, by discharging Mr. Vogler on May 9, 1981, and by failing to have the physician who had performed the initial surgery immediately evaluate Mr. Vogler's need for further surgery upon his readmission to the hospital on May 9, 1981. Dr. Keane concluded that Mr. Vogler's death could have been prevented had the hospital provided treatment in accordance with the applicable standard of care.

The hospital's expert medical witness, Charles Edward Lucas, M.D., opined that Mr. Vogler received medical treatment consistent with the applicable standard of care, testifying that he found no evidence that the splenic artery was improperly tied off during the initial surgery, that Mr. Vogler was improperly discharged on May 9, 1981, or that the delay in performing the second surgery on May 11, 1981, was inappropriate.

On appeal, it is first argued that the trial court erroneously increased plaintiff's burden of proof by instructing the jury that plaintiff, in order to prove her case, was obliged to show that the hospital was "guilty" of malpractice or negligence. We agree.

In instructing the jury, the trial court, in pertinent part, stated:

> [T]hose are the three propositions that the plaintiff is obliged to prove. I want to amplify a little bit, however, on the propositions.

In the first one I said the plaintiff had to prove that the defendant was *guilty* of professional negligence, or malpractice. Those terms are interchangeable, for the purposes, for the sense in which I am using them.

\* \* \*

Now I said that the plaintiff had the burden of proof on these three propositions, and you might ask, "Well, how do we tell whether the plaintiff has sustained that burden?" Well, we have a test for that. When I say that a party has the burden of proof, I mean that the evidence must satisfy you that the proposition on which the party has that burden of proof has been established by evidence which outweighs the evidence against it. You must consider all of the evidence, regardless of which party produced it.

So once I give you, tell you what those three propositions are, I want you to think as the burden of proof, how does that tell you what your verdict will be. Well, you know that, you can tell by what I've already told you, but I can spell it out. Your verdict will be for the plaintiff if the defendant was *guilty* of malpractice, and such malpractice was a proximate cause of Mr. Vogler's death, and if the plaintiff suffered damages as a result of his death. [Emphasis added.]

After the court finished reading its charge to the jury and the jury was excused to begin deliberations, counsel for plaintiff objected to the court's use of the word "guilty," stating:

Your Honor, I think when you were summarizing when the Plaintiff can recover, you indicated that your verdict would be with Plaintiff if the Defendant was guilty of negligence. I don't think that under [SJI] 30.03, burden of proof, you have to show [defendant] guilty of anything. You only need show the Defendant was negligent. Using the words "guilty of negligence," I don't think that's proper under 30.03.

*   *   *

The objection is that the Standard Jury Instructions don't use the word "guilty." Guilty applies only to a criminal case, not a civil case, and I think it makes the burden that much greater if you use the word guilty, as opposed to finding the Defendant negligent, and that's the reason I'm objecting to it, your Honor.

The trial judge, in response to the objection, pointed out that during voir dire of the jury he had specifically explained the different burdens of proof applicable in criminal and civil cases, the former requiring a plaintiff to prove his case beyond a reasonable doubt and the latter requiring a plaintiff to prove his case merely by a preponderance of the evidence, and that he "would feel silly" in recalling the jury for the additional instruction that, "when I said the word 'guilty,' I wasn't implying that they had to prove the [defendant] guilty of a crime." Nevertheless, the trial judge assured plaintiff's counsel that "I appreciate what you say."

About one hour later the jury sent a note to the trial judge requesting reinstruction on "the three things that [plaintiff] has to prove." Included in this reinstruction was the following language:

Now I will proceed to tell you as to the three things that the Plaintiff has to prove, that's the items of the burden of proof, and I will repeat those.

Number one, she has to prove that the Defendant, or more properly agents of the Defendant, physicians we're talking about[,] were professionally negligent or *guilty* of malpractice, whichever term you want to use, in one or more of the ways that they claimed as those claims were stated to you in my instructions. So number one is did they prove that one of . . . you know, that the Defen-

dant's agents were really *guilty* of . . . did they commit malpractice in one or more of the ways claimed. [Emphasis added.]

Instructional errors which increase a plaintiff's burden of proof are grounds for a reversal of a jury verdict. *Karas v White,* 101 Mich App 208, 211; 300 NW2d 320 (1980). We conclude that the trial judge's use of the term "guilty" in its instruction and reinstruction to the jury was improper and may well have led the jury to believe that plaintiff was obligated to do much more than establish only the professional negligence of the hospital during treatment of Mr. Vogler. Even after plaintiff's counsel had objected to the use of the term "guilty" in the initial instructional charge, and after the judge had assured counsel that he appreciated counsel's concerns, the jury—having requested reinstruction—was again instructed that plaintiff had the burden of proving defendant "guilty." We quote with approval the following language in plaintiff's appellate brief:

[T]he jury had been instructed that, in order for plaintiff to prevail, [it] had to determine that defendant was *guilty* of malpractice. It must be assumed that jurors, unschooled in the niceties of the law, apply ordinary, common-sense meanings to the words contained in jury instructions. The word "guilty" in a legal setting has only one meaning: a finding of criminal culpability. The trial court therefore imposed a criminal burden of proof upon plaintiffs, or at the least, provided the jury with confusing and inconsistent instructions as to whether [its] determination had to be that defendant was negligent (by a preponderance of the evidence) or guilty (beyond a reasonable doubt).

In this regard, we distinguish between the use of

the phrase "guilty of negligence" as stated to a jury in a civil case after briefly having been told during voir dire the difference between the burdens of proof in civil and criminal cases and the use of the phrase as stated to a jury in a civil case after having been informed only of the burden of proof in civil cases.[1] In the cases, such as the instant case, where the jury was briefly told the difference between the two burdens of proof, the likelihood of confusion on the part of the jury is compounded. Moreover, in this regard, we distinguish between the use of the phrase "guilty of negligence" as stated to a jury such as that in the present case and as used by a court in its written opinion.[2] A court, of course, is in no jeopardy of confusion regarding the appropriate standard of care.

We note that our holding on this issue is consistent with comments in a legal treatise on medical malpractice[3] and the judgment of the supreme court of a sister state.[4]

---

[1] On this basis we distinguish the cases cited in defendant's appellate brief in which, defendant claims, "this Court and the Supreme Court have approved instructions including reference to a party being 'guilty of negligence.'"

[2] On this basis we distinguish the cases cited in defendant's appellate brief in which, defendant claims, "this Court and the Supreme Court in its opinions have employed the phrase ['guilty of negligence'] in discussion of a party's negligence."

[3] In 3 Kramer, Medical Malpractice, § 28.02, in a chapter regarding the trial court's charge to the jury, it is observed that "[j]urors are troubled with [the] definition [of malpractice] and often get little comfort from the court's long involved dissertation" and noted that "[i]t has . . . been held improper for the judge to use the words *guilty of malpractice*,' as the use of the word *'guilty'* in a civil action is improper." (Emphasis in original.)

[4] In *Kyle v Fok*, 18 Ohio St 2d 70; 247 NE2d 457 (1969), the Ohio Supreme Court, citing *Bahm v Pittsburgh & Lake Erie R Co*, 6 Ohio St 2d 192; 217 NE2d 217 (1966), and *Reep v Greyhound Corp*, 171 Ohio St 2d 199; 168 NE2d 494 (1960), stated, in a wrongful death action based on medical malpractice in which the trial court used the phrase "guilty of malpractice" in special instructions to the jury before argument, that "a majority of the court is of the opinion that

Having found error requiring reversal in the first issue raised by plaintiff on appeal, we need not address the remaining issue raised by plaintiff regarding the propriety of certain statements made by defense counsel during closing argument.

Reversed and remanded.

---

such use of the word 'guilty' in civil damage actions is reversible error."