SHERRELL v BUGASKI

Docket No. 72822. Submitted August 1, 1984, at Detroit.—Decided
    September 21, 1984.

Plaintiff, Mary A. Sherrell, brought an action in the Wayne
    Circuit Court against defendants, Bobby Bugaski and the City
    of Detroit, seeking recovery for noneconomic damages sustained
    after suffering injuries in an automobile accident. The trial
    court, Richard C. Kaufman, J., granted defendants' motion for
    summary judgment after finding that as a matter of law
    plaintiff did not suffer from serious impairment of body func-
    tion and, thus, did not meet the threshold requirements man-
    dated by the no-fault act to allow recovery for noneconomic
    damages sustained after suffering injuries in an automobile
    accident. Plaintiff appeals from the order to that effect. *Held:*

After reviewing the facts in a light most favorable to the
    plaintiff, the Court of Appeals agreed with the plaintiff that she
    did sustain a permanent back injury that has objective manifes-
    tations. However, the Court did not find that such impairment
    was "serious" within the meaning of the no-fault act.

Affirmed.

1. INSURANCE — AUTOMOBILES — NO-FAULT ACT — SERIOUS IMPAIR-
    MENT OF BODY FUNCTION.

The question of whether an injury is a serious impairment of
    body function under the no-fault act so as to give rise to tort
    liability for noneconomic loss must be decided as a matter of
    law by the trial court where there is no facutal dispute regard-
    ing the nature and extent of the plaintiff's injuries; likewise,
    the trial court must rule as a matter of law whether the
    threshold requirement has been met where there is a factual
    dispute as to the nature and extent of the plaintiff's injuries,
    but where the dispute is not material to the determination

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobile Insurance §§ 348, 349.
    What constitutes sufficiently serious personal injury, disability,
        impairment, or the like to justify recovery of damages outside of
        no-fault automobile insurance coverage. 33 ALR4th 767.
    Validity and construction of "no-fault" automobile insurance plans.
        42 ALR3d 229.

whether plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

2. INSURANCE — AUTOMOBILES — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

A court should apply an objective standard and look to the effect of the injury on the individual's general ability to lead a normal life when determining whether a certain injury meets the threshold requirement of the no-fault act for recovery of noneconomic loss; recovery for pain and suffering cannot be predicated on serious pain and suffering, but on injuries that affect the functioning of the body (MCL 500.3135; MSA 24.13135).

3. INSURANCE — AUTOMOBILES — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

The provision of the no-fault act regarding tort liability for noneconomic loss where the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement applies to objectively manifested injuries; the provision requires that any impairment be serious; impairment of body function under the statute actually means impairment of an important body function (MCL 500.3135[1]; MSA 24.13135[1]).

*Turner & Turner, P.C.* (by *Lee I. Turner* and *Donald A. Turner*), for plaintiff.

*Tyler, Reynolds, Kenny & Thayer, P.C.* (by *Michael J. Walter, Carol J. Dufraine,* and *William J. Liedel*), for defendants.

Before: HOOD, P.J., and R. B. BURNS and S. EVERETT,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendants' motion for summary judgment. The trial court found that as a matter of law plaintiff did not suffer from serious impairment of body function and, thus, did not meet the threshold requirement mandated by MCL 500.3135; MSA 24.13135 to allow recovery for

* Circuit judge, sitting on the Court of Appeals by assignment.

noneconomic damages sustained after suffering injuries in an automobile accident. We agree and affirm.

In *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982), the Court held that when there is no factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function must be decided as a matter of law by the trial court. Likewise, if there is a factual dispute as to the nature and extent of a plaintiff's injuries, but the dispute is not material to the determination whether plaintiff has suffered a serious impairment of body function, the trial court must rule as a matter of law whether the threshold requirement has been met.

Although the trial court must decide the question on a case-by-case basis, the following factors must be considered. "Impairment of body function" actually means impairment of an *important* body function. *Cassidy, supra,* p 504. By its own terms, the statute requires that any impairment be "serious". MCL 500.3135(1); MSA 24.13135(1), *William v Payne,* 131 Mich App 403; 346 NW2d 564 (1984). Section 3135 applies to "objectively manifested injuries". Recovery for pain and suffering cannot be predicated on serious pain and suffering, but on injuries that affect the functioning of the body. *Cassidy, supra,* p 505; *Williams, supra.* When considering the seriousness of the injury, the court should be mindful of the other threshold requirements for recovery of noneconomic loss *(i.e.,* death and permanent serious disfigurement), and the legislative reasons for limiting the recovery of noneconomic losses, namely, to prevent overcompensation of minor injuries and to reduce litigation in automobile accident cases. *Williams, supra; Braden v Lee,* 133 Mich App 215; 348 NW2d 63 (1984). When determining whether a

certain injury meets the threshold requirement for recovery of noneconomic loss, the court should apply an objective standard and look to the effect of the injury on the individual's general ability to lead a normal life. *Cassidy, supra; Williams, supra; Braden, supra.*

When we review the facts of this case in a light most favorable to plaintiff, *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973), we agree that plaintiff did sustain a permanent back injury that has objective manifestations, *i.e.,* x-rays show the absence of a normal spinal curvature, and that the injury does impair important body functions. Plaintiff cannot sit for long periods and finds running or jogging painful. Nevertheless, as the trial court found, we cannot find this impairment "serious" within the meaning of the statute. The injury has not caused a significant impact on plaintiff's ability to live a normal life. Plaintiff can walk, drive, and work and her doctors have never restricted her work or social activities. Therefore, plaintiff has failed to establish as a matter of law that she suffers serious impairment of body functions.

Affirmed.