FLEMINGS v JENKINS

Docket No. 72933. Submitted July 18, 1984, at Detroit.—Decided
    November 7, 1984.

Floya Flemings brought an action for damages against Shawn
    Jenkins and Marva Jenkins for injuries received in an automo-
    bile accident. Plaintiff's injuries consisted primarily of lower
    back and neck pain. She was hospitalized for nine days with
    muscle spasms, tenderness and limited flexion, and she missed
    three and a half weeks of work. Thereafter, she received
    physical therapy 11 times over a period of approximately 18
    months. The Wayne Circuit Court, Robert J. Colombo, J.,
    granted summary judgment to defendants, holding that plain-
    tiff's injuries did not constitute a "serious impairment of body
    function". Plaintiff appealed. *Held:*

    1. Serious impairment of body function involves an objec-
    tively manifested impairment of an important body function
    and the effect of the injury on the person's ability to lead a
    normal life.

    2. Plaintiff's injuries do not support her claim of a serious
    impairment of body function. The medical findings do not rise
    to the level of objective manifestations to support such a
    finding, nor does it appear that plaintiff's mode of living was
    significantly altered.

    Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF
        BODY FUNCTION.
    The question of serious impairment of body function under the
        automobile no-fault statute is a question of law where there is
        no factual dispute (MCL 500.3135; MSA 24.13135).

2. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF
        BODY FUNCTION.
    Serious impairment of body function due to injury involves the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 349.
    What constitutes sufficiently serious personal injury, disability,
    impairment, or the like to justify recovery of damages outside no-
    fault automobile insurance coverage. 33 ALR4th 767.

impairment of an important body function and the effect of the injury on a person's ability to lead a normal life; furthermore, in order for an injured party to recover for such injuries they must be objectively manifested (MCL 500.3135; MSA 24.13135).

*Blum, Brady & Rosenberg* (by *James C. Cohan),* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Cynthia E. Merry),* for defendants.

Before: V. J. BRENNAN, P.J., and ALLEN and GRIBBS, JJ.

PER CURIAM. Plaintiff brought suit to recover for injuries arising out of an automobile accident. She claimed her injuries constituted a "serious impairment of body function", recoverable under the Michigan no-fault act. MCL 500.3135; MSA 24.13135. Defendants stipulated to plaintiff's version of the nature and extent of her injuries. The trial court granted defendants' motion for summary judgment pursuant to GCR 1963, 117.2(3), finding that her injuries did not constitute a "serious impairment of body function". Plaintiff appeals as of right. We affirm.

Plaintiff's injuries consisted primarily of lower back and neck pain. Plaintiff was hospitalized for nine days. The treating physician noted muscle spasms, tenderness in the lumbar area and limited flexion. Upon discharge plaintiff received medication and a brace, which she discontinued wearing because of discomfort. She missed three and one-half weeks of work, then resumed her job as a housekeeper. She received physical therapy on an outpatient basis and saw her treating physician 11 times during a 1-1/2 year period. She alleged that she still had severe pain and resulting physical

restrictions. She further alleged that her lifestyle had changed and she could not function in routine daily or social activities.

Where there is no factual dispute, the question of "serious impairment of body function" is a question of law. *Cassidy v McGovern,* 415 Mich 483, 488; 330 NW2d 22 (1982). Serious impairment due to injury involves the impairment of an important body function and the effect of the injury on a person's ability to lead a normal life. *Cassidy, supra,* p 505. Furthermore, recovery is predicated on objectively manifested injuries. *Cassidy, supra,* p 505.

The facts in this case do not support plaintiff's claim of a "serious impairment of body function". The medical findings of muscle spasm, tenderness and limited flexion do not rise to the level of objective manifestations of injuries which generally support a finding of "serious impairment of body function". See *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984); contrast *LaHousse v Hess,* 125 Mich App 14; 336 NW2d 219 (1983). Even if, however, these medical findings constitute objective manifestations of plaintiff's injuries, it does not appear that plaintiff's mode of living has been significantly altered. She returned to work three and one-half weeks after the accident; she has continued to work; she discontinued treatments, although she still uses home remedies. Furthermore, plaintiff's generalized assertions that she has resulting physical restrictions and still suffers from pain do not constitute a significant effect on her lifestyle nor an impairment of an important body function.

Affirmed.