MORRIS v LEVINE

Docket No. 77389. Submitted October 16, 1984, at Detroit.—Decided May 23, 1985.

Plaintiff, Ethel Morris, was a passenger in an automobile driven by defendant, Juanita Levine. Plaintiff brought an action against defendant in the Wayne Circuit Court, alleging serious impairment of body function. Defendant moved for summary judgment and the court, Thomas J. Foley, J., granted it, finding that plaintiff's injury did not constitute a serious impairment of body function. Plaintiff appealed. *Held:*

The court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination. Whether an injury results in a serious impairment of body function, for purposes of the no-fault act, must be decided on a case-by-case basis, and in order to be considered a serious impairment of body function the impairment must be serious and of an important body function and the injuries must be objectively manifested. The medical findings of tenderness, spasms and limited range of motion in the injured area did not rise to the level of objective manifestation of injuries which support a finding of serious impairment of body function.

Affirmed.

1. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

The court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination (MCL 500.3135; MSA 24.13135).

[1, 2, 3] Am Jur 2d, Automobile Insurance §§ 348 *et seq.*
What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

2. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIR-
MENT OF BODY FUNCTION.

   Whether an injury results in a serious impairment of body
   function, for purposes of the no-fault act, must be decided on a
   case-by-case basis, and in order to be considered a serious
   impairment of body function the impairment must be serious
   and of an important body function and the injuries must be
   objectively manifested (MCL 500.3135; MSA 24.13135).

3. INSURANCE — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY
FUNCTION.

   A serious impairment of body function under the no-fault act is
   to be measured by an objective standard which looks to the
   effect of an injury on a person's general ability to live a normal
   life; so viewed, an injury, to meet the threshold, must impair
   an important body function (MCL 500.3135; MSA 24.13135).

*Rader, Eisenberg & Feldman, P.C.* (by *Merrill Gordon)*, for plaintiff.

*Siemion, Huckabay, Bodary, Padilla & Morganti* (by *Michael J. Rinkel)*, for defendant.

Before: BRONSON, P.J., AND J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. Plaintiff brought suit to recover for injuries arising out of an automobile accident. Plaintiff's complaint alleged that her injuries constituted a "serious impairment of body function" and thus met the threshold requirements of the the Michigan no-fault act for recovery of non-economic damages MCL 500.3135; MSA 24.13135. The trial court granted defendant's motion for summary judgment pursuant to GCR 1963, 117.2(3), finding as a matter of law that plaintiff's injuries did not constitute a serious impairment of body function. Plaintiff appeals as of right. We affirm.

On March 30, 1981, plaintiff was a rear-seat passenger in an automobile driven by defendant.

* Circuit judge, sitting on the Court of Appeals by assignment.

The defendant's automobile was pulling away from the curb when it was struck in the left front fender by another automobile.

The general character of plaintiff's injuries is not seriously disputed. Plaintiff complains of soft tissue injuries to her lower back. Plaintiff received no medical treatment for the injuries until approximately one week after the accident.

The trial court had before it the medical opinions of Drs. Barefield and Cohen. Plaintiff was treated by Dr. Alwin S. Barefield, M.D., six times between April 7, 1981, and June 11, 1981. Dr. Barefield's report states that examination revealed tenderness and spasms of the posterior cervical muscles. Dr. Barefield diagnosed plaintiff's injuries as "sprain, cervical and lumbosacral with myositis".

Plaintiff was treated by Dr. Lewis Cohen, M.D., on numerous occasions between July 14, 1981, and September 24, 1981. Dr. Cohen's report states:

"The cervical spine shows moderate tenderness to palpation and percussion with 15% limitation of motion in all planes * * *. Lumbosacral spine shows diffuse tenderness to palpation and percussion with 25% limitation of motion in all planes."

Dr. Cohen diagnosed plaintiff's injuries as "sprains, cervical and lumbosacral spinal ligaments". The results of an x-ray examination, and electromyographic examination and a straight leg raising test were all normal.

Plaintiff alleges that as a result of her injuries she is unable to take long walks, carry groceries, bowl or play baseball. However, plaintiff testified in her deposition that she is able to walk to a doctor located near her home. While Dr. Barefield stated that plaintiff was partially disabled until

June 30, 1981, there is no evidence that she was disabled after that date.

When there is no factual dispute regarding the nature and extent of a plaintiff's injuries or when the factual dispute is not material to the determination of whether plaintiff has suffered a serious impairment of body function, the trial court shall rule as a matter of law whether the statutory threshold requirement has been met. *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982).

Although the trial courts must make this determination on a case-by-case basis, there are several standards which must be considered. First, "impairment of body function" actually means impairment of an important body function. *Williams v Payne,* 131 Mich App 403, 346 NW2d 564 (1984). Second, by its own terms, the statute requires that any impairment be "serious". MCL 500.3135(1); MSA 24.13135(1). Third, the injuries which constitute a serious impairment of body function must be objectively manifested. Medically unsubstantiated pain and suffering is not sufficient to meet the threshold. *Cassidy, supra,* p 505.

The facts in this case do not support plaintiff's claim of a serious impairment of body function. Considering the injuries in a light most favorable to plaintiff, the injuries are not sufficiently serious to meet the threshold requirement. As the Supreme Court pointed out in *Cassidy,* the "serious impairment of body function" standard:

"[S]hould be considered in conjunction with the other threshold requirements for a tort action for noneconomic loss, namely, death and permanent serious disfigurement. * * * The Legislature clearly did not intend to erect two significant obstacles to a tort action for noneconomic loss and one quite insignificant obstacle." 415 Mich 503.

To determine whether an injury meets the threshold requirement, the Court looks to the injury's effect on a person's ability to lead a normal life. *Braden v Lee,* 133 Mich App 215, 218; 348 NW2d 63 (1984). While plaintiff may experience difficulties in her daily life, we do not find that such difficulties interfere in any significant manner with plaintiff's normal life style. *Guerrero v Schoolmeester,* 135 Mich App 742, 751; 356 NW2d 251 (1984); *Sherrell v Bugaski,* 140 Mich App 708; 364 NW2d 684 (1984).

However, even if plaintiff's injuries were sufficiently serious, the medical findings of tenderness, spasms and limited range of motion do not rise to the level of objective manifestations of injuries which generally support a finding of serious impairment of body function. *Williams v Payne, supra; Flemings v Jenkins,* 138 Mich App 788; 360 NW2d 298 (1984).

Affirmed.