### HARRIS v LEMICEX

Docket No. 78710. Submitted July 24, 1985, at Detroit. Decided April 23, 1986.

Plaintiff, Linda G. Harris, brought an action in the Wayne Circuit Court seeking damages for injuries sustained in an accident which occurred when a bus on which plaintiff was a passenger was struck by another vehicle. Named as defendants were Steven Lemicex and Farm Maid Dairy. The defendants' motion for summary judgment was granted by the trial court, Michael L. Stacey, J., based upon plaintiff's failure to show that her injuries met the no-fault threshold standard under MCL 500.3135. Plaintiff appeals from the order for summary judgment. *Held:*

1. Plaintiff's ability to move her back is an important body function. Her injuries have been objectively manifested by the medical examinations revealing contracture or spasm of her musculature.

2. Although plaintiff's threshold showing of serious impairment of a body function was marginal, it was sufficient to defeat defendant's motion for summary judgment.

Reversed and remanded.

M. WARSHAWSKY, J., dissented and noted his disagreement with the conclusion that the no-fault threshold was met, even marginally, as a matter of law. He does not believe that plaintiff's injuries seriously impaired her general ability to lead a normal life. He would affirm.

#### OPINION OF THE COURT

1. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIR-MENT OF BODY FUNCTION.

A trial court may determine as a matter of law that the plaintiff

#### REFERENCES

Am Jur 2d, Automobile Insurance §§ 25, 35, 340-368.

What constitutes sufficiently serious personal injury, disability, impairment or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

See also the annotations in the ALR3d/4th Quick Index under Automobile Insurance; No-fault Insurance.

has suffered a serious impairment of a body function, in a no-fault action where there is no material factual dispute regarding the nature and extent of the plaintiff's injury, where it finds that three criteria have been met: (1) the body function which is impaired must be an important one; (2) the impairment must be serious; and (3) the injury must be objectively manifested (MCL 500.3135[1]; MSA 24.13135[1]).

2. INSURANCE — No-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIR-MENT OF BODY FUNCTION.

Factors to be considered in a no-fault action in determining whether an impairment of the plaintiff's body function was serious enough to impact on his general ability to live a normal life include the extent of the injury, the treatment required, the duration of the disability, the extent of residual impairment, and the prognosis for eventual recovery (MCL 500.3135[1]; MSA 24.13135[1]).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

The benefit of any reasonable doubt should be given to the party opposing a motion for summary judgment brought on the basis that there is no question as to any material fact (GCR 1963, 117.2[3], MCR 2.116[C][10]).

4. INSURANCE — No-FAULT ACT — TORT LIABILITY — MUSCLE SPASMS — SERIOUS IMPAIRMENT OF BODY FUNCTION — OBJECTIVE MANI-FESTATIONS OF INJURY.

Objective evidence of muscle spasms, such as evidenced by medical examination and palpation of the tissues, may be considered to be objective manifestations of an injury for the purpose of determining whether a no-fault plaintiff has suffered a serious impairment of a body function (MCL 500.3135[1]; MSA 24.13135[1]).

5. INSURANCE — No-FAULT ACT — TORT LIABILITY — MOVEMENT OF BACK — SERIOUS IMPAIRMENT OF BODY FUNCTION — IMPORTANT BODY FUNCTIONS.

A plaintiff's ability to move his back may be considered to be an important body function for purposes of determining whether the plaintiff has suffered a serious impairment of a body function pursuant to the no-fault act's threshold standard for determining tort liability for noneconomic loss (MCL 500.3135[1]; MSA 24.13135[1]).

DISSENT BY M. WARSHAWSKY

6. INSURANCE — No-FAULT ACT — MOVEMENT OF BACK — SERIOUS IMPAIRMENT OF BODY FUNCTION.

*A court must apply an objective standard in determining whether*

*the impairment of a no-fault plaintiff's ability to move his back was serious enough to impact on his general ability to lead a normal life for purposes of determining whether the plaintiff has met the no-fault act's threshold standard for determining tort liability for noneconomic loss (MCL 500.3135[1]; MSA 24.13135[1]).*

7. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

*The standard of review applicable to a ruling on a motion for summary judgment brought on the basis that there is no question as to any material fact is to view the evidence before the trial court in a light most favorable to the party opposing the motion (GCR 1963, 117.2[3]; MCR 2.116[C][10]).*

*Martin Gary Deutch, P.C.* (by *Martin Gary Deutch*), for plaintiff. *Glime, Daoust, Wilds, Rusing & LeDuc* (by *Lawrence J. Schloss* and *John F. MacArthur*), for defendants.

Before: GRIBBS, P.J., and T. M. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order granting defendants' motion for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), based upon plaintiff's failure to show that her injuries met the no-fault threshold standard under MCL 500.3135; MSA 24.13135. We reverse.

On March 18, 1983, plaintiff was a passenger on a DOT bus when a vehicle driven by defendant Steven Lemicex struck the rear of the bus. Plaintiff was jolted forward and then backward by the impact and sustained injuries as a result. Plaintiff did not receive emergency treatment nor was she hospitalized. However, on March 25, 1983, plaintiff was examined by Dr. Nicholas Doinidis, a chiropractor. Plaintiff complained of headaches, ringing in the ears, muscle spasms in her shoulders, and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pain in the neck, back, joints, arms, legs and feet. Dr. Doinidis' report indicated that x-rays revealed some deviation from normal structure, however the nature of these deviations was not specified. His examination revealed that plaintiff had a loss of strength in her arms and legs. In addition, his examination revealed palpable cervical, thoracic and lumbar muscle spasms, and palpable edema in the cervical, thoracic and lumbar regions. Plaintiff was diagnosed as suffering from a sprain-strain injury accompanied by ligamentous instability, myofascitis and localized evidence of nerve irritation. Dr. Doinidis indicated that her symptoms would be recurrent and that plaintiff could anticipate exacerbations and remissions of pain and stiffness in the cervical, thoracic and lumbar spinal areas. Dr. Doinidis treated plaintiff on twenty-nine occasions over a one-year period.

Plaintiff was also examined by Dr. J. Paul Leonard, an orthopedic surgeon, on November 4, 1983. His examination revealed subacute contracture of the trapezius musculature bilaterally, trunk flexion to forty-five degrees with pain beyond that point, and marked tension through the musculature of the lumbar spine bilaterally. Plaintiff had marked tenderness to palpation over the left sacroiliac articulation and very weak muscle strength bilaterally. Dr. Leonard noted that plaintiff had full cervical spine motion, and her shoulder, elbow, wrist and hand motions were physiologic. Dr. Leonard's diagnosis was that plaintiff suffered from spasms of the trapezius bilaterally, left sacroiliac strain and left lumbar myositis. He stated that plaintiff would benefit from an intensive physical therapy program for the lower back, hotpacks and intermittent pelvic traction along with rehabilitative back exercises. He concluded that this would be a long-term rehabilitation program. Future resi-

dual instability in the lower back could require work restrictions and restrictions on heavy lifting following plaintiff's therapy.

Plaintiff's affidavit of April 4, 1984, stated that she still suffered from pain in her lower back, left shoulder and left leg. As a result, she has trouble bending and lifting and has limited movement in her back, shoulder and leg. Furthermore, plaintiff has been unable to carry out her daily functions, including cooking and housekeeping, and asserted that her recreational activities had been severely curtailed.[1] Plaintiff was unemployed at the time of the accident and is currently unemployed.

In determining whether the no-fault threshold standard of MCL 500.3135(1); MSA 24.13135(1) of a serious impairment of a body function has been met, where there is no material factual dispute regarding the nature and extent of a plaintiff's injury, the trial court can determine as a matter of law that there has been a serious impairment of a body function when it finds that the following three criteria have been met: (1) the body function which is impaired must be an important one; (2) the impairment must be serious; and (3) the injuries must be objectively manifested. *Cassidy v McGovern,* 415 Mich 483, 502-505; 330 NW2d 22 (1982); *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984).

In the instant case, we find that plaintiff's ability to move her back is an important body function. *Argenta v Shahan,* 135 Mich App 477, 488; 354 NW2d 796 (1984), lv gtd 421 Mich 859 (1985). Furthermore, her injuries have been objectively

---

[1] Defendants contended at the hearing on their motion for summary judgment that plaintiff's deposition clearly indicated that she had not suffered a serious impairment of a body function. However, a transcript of this deposition has not been submitted on appeal by either party, and the only sworn statements as to the impact of her injury on plaintiff's lifestyle are contained within her affidavit.

manifested by the medical examinations revealing contracture or spasm of her musculature.[2] See *Franz v Woods,* 145 Mich App 169, 176; 377 NW2d 373 (1985). Thus the determinative question is whether the impairment of her body function was serious enough to impact on her general ability to live a normal life. See *Franz, supra,* p 177. Factors to be considered include the extent of the injury, the treatment required, the duration of the disability, the extent of residual impairment, and the prognosis for eventual recovery, which impact on her ability to live a normal life. See *Cassidy, supra,* pp 504-505. In the instant case, plaintiff presented medical opinions that she would be involved in long-term rehabilitation and that she could suffer residual and recurrent problems from the injury. Plaintiff also asserted in her affidavit that she could not perform her day-to-day activities, which included cooking and housekeeping. Contrast *Franz, supra,* p 177 where the plaintiff set her own limits for her activities; see also *Pohl v Gilbert,* 89 Mich App 176; 280 NW2d 831 (1979), lv den 406 Mich 981 (1979).

Although we find that plaintiff's threshold showing of serious impairment of a body function was marginal, it was sufficient to defeat defendants' motion for summary judgment in the instant case. On a motion for summary judgment, the benefit of any reasonable doubt should accrue to the party opposing the motion. *Usher v St Paul Fire & Marine Ins Co,* 126 Mich App 443, 446; 337 NW2d 351 (1983).

Reversed and remanded.

---

[2] To the extent that *Flemings v Jenkins,* 138 Mich App 788, 790; 360 NW2d 298 (1984), indicates or implies that muscle spasms are not objective manifestations of injury, see *Franz, supra,* p 176, Judge GRIBBS retreats from this position and finds that objective evidence of spasm, such as evidenced by medical examination and palpation of the tissues, should be considered objective manifestations of an injury.

M. WARSHAWSKY, J. *(dissenting).* I must respectfully dissent. I agree with the majority's conclusion that the determination question is whether the impairment of plaintiff's ability to move her back was serious enough to impact on her general ability to lead a normal life. I disagree, however, that this threshold has been met, even marginally, as a matter of law. A court must apply an objective standard in making this determination. *Braden v Lee,* 133 Mich App 215, 218; 348 NW2d 63 (1984).

In concluding that the trial court erred in granting summary judgment for defendants, the majority obviously places great weight on plaintiff's affidavit. The medical reports submitted do not really discuss the effects of plaintiff's injuries on her lifestyle, save that Dr. Leonard notes the possibility of a future need to wear a supportive garment and the possibility that plaintiff may have to be restricted from heavy lifting at work. In addition to this information, however, the trial court also had before it plaintiff's deposition, which was not submitted to this Court despite the requirement that an appellant file a full record on appeal. MCR 7.210. According to defendants' brief, plaintiff testified in her deposition that she suffers dizziness and neck pain if she stands too long, and lower-back pain after bending too long. Plaintiff also complained that her eyes and stomach are affected and her lifting ability impaired. Unlike the trial court, I cannot ascertain if this sums up the extent of plaintiff's impairment. The availability to the trial court of complete information thus becomes important in a case where this Court finds only a "marginal" threshold showing of a serious impairment of a body function.

The majority uses a standard of review giving the benefit of any reasonable doubt to the opposing

party. Even assuming that this standard is the same as viewing the *evidence before the trial court* in a light most favorable to the opposing party, *Sherrell v Bugaski,* 140 Mich App 708, 711; 364 NW2d 684 (1984), I am unable to find that plaintiff's injuries seriously impaired her general ability to lead a normal life. I would affirm.