FREEL v DEHAAN

Docket No. 87947. Submitted May 9, 1986, at Grand Rapids. Decided
    October 20, 1986.

Douglas Freel brought an action in the Kent Circuit Court
    against Gary Lee DeHaan for damages for injuries to his back
    he sustained in an automobile accident. The court, George R.
    Cook, J., granted defendant's motion for summary disposition,
    holding that plaintiff failed to show that his injuries met the
    threshold requirement of serious impairment of a body func-
    tion. Plaintiff appealed.

    The Court of Appeals *held*:

    1. A trial court may determine as a matter of law that the
    plaintiff has suffered a serious impairment of a body function,
    in a no-fault action where there is no material factual dispute
    regarding the nature and extent of the plaintiff's injury, where
    it finds that three criteria have been met: (1) the body function
    which is impaired must be an important one; (2) the impair-
    ment must be serious; and (3) the injury must be objectively
    manifested.

    2. A plaintiff's ability to move his back may be considered to
    be an important body function for purposes of determining
    whether the plaintiff has suffered a serious impairment of a
    body function pursuant to the no-fault act's threshold standard
    for determining tort liability for noneconomic loss.

    Reversed and remanded.

1. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIR-
    MENT OF BODY FUNCTION.

    A trial court may determine as a matter of law that the plaintiff
        has suffered a serious impairment of a body function, in a no-
        fault action where there is no material factual dispute regard-
        ing the nature and extent of the plaintiff's injury, where it

REFERENCES

Am Jur 2d, Automobile Insurance §§ 348 *et seq.*

What constitutes sufficiently serious personal injury, disability,
    impairment, or the like to justify recovery of damages outside of
    no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

finds that three criteria have been met: (1) the body function which is impaired must be an important one; (2) the impairment must be serious; and (3) the injury must be objectively manifested (MCL 500.3135; MSA 24.13135).

2. Insurance — No-Fault Act — Tort Liability — Movement of Back — Serious Impairment of Body Function — Important Body Functions.

    A plaintiff's ability to move his back may be considered to be an important body function for purposes of determining whether the plaintiff has suffered a serious impairment of a body function pursuant to the no-fault act's threshold standard for determining tort liability for noneconomic loss (MCL 500.3135[1]; MSA 24.13135[1]).

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*), for defendant.

Before: D. E. Holbrook, Jr., P.J., and Shepherd and M. E. Dodge,* JJ.

Per Curiam. Plaintiff appeals as of right from the circuit court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), based upon a finding that plaintiff had failed to show that his injuries met the no-fault threshold requirement of a serious impairment of a body function under MCL 500.3135; MSA 24.13135. We reverse.

On December 24, 1983, plaintiff was a passenger in a pickup truck driven by his father-in-law when it was struck head-on by a car driven by the defendant. The plaintiff saw the defendant's car cross the center line of the road. Anticipating the collision, the plaintiff assumed a fetal position on the front seat of the pickup so he would not be thrown into the windshield. On impact, the plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff was thrown forward and his buttocks struck the dashboard. After the collision, plaintiff attempted to approach the defendant's car to render aid, but experienced severe pain in his back forcing him to lie down in a snowbank. Plaintiff was taken to the hospital and diagnosed as having compression fractures of the first and second lumbar vertebrae, jamming of the first metatarsophalangeal joint of his left foot, bruises and contusions. Plaintiff suffered a ten to fifteen percent loss in height in the L-1 vertebrae, and was hospitalized for five days. Upon discharge from the hospital, plaintiff was required to wear a back brace for three months and was unable to return to work for three months. Plaintiff saw Dr. T. L. Couden on three occasions and received injections for pain and inflammation in his back, which plaintiff claims were unsuccessful.

At the time of the accident, plaintiff was a student at the Illinois College of Podiatric Medicine in Chicago. As a result of the accident, plaintiff was ineligible to apply for two positions with the Air Force for podiatric physicians in February, 1984. In April, 1984, plaintiff obtained a position in a podiatry practice in Macomb, Illinois. Plaintiff does not claim that his injury significantly impaired his ability to practice podiatry, but does claim that he experiences pain when bending down to examine his patients' feet.

Plaintiff claims that his injuries have curtailed his participation in sports including tennis, racquetball and golf. In addition, he claims to experience extreme discomfort when attempting activities like lifting his daughter, lifting groceries, walking long distances, and standing or lying down for long periods of time.

The question of serious impairment of a body function is determined on a case-by-case basis.

Where there is no material factual dispute regarding the nature and extent of the plaintiff's injuries, the trial court may determine as a matter of law that there has been a serious impairment of a body function when it finds the following three criteria have been met: (1) the body function impaired must be an important one; (2) the impairment must be serious; and (3) the injuries must be objectively manifested. *Cassidy v McGovern,* 415 Mich 483, 502-505; 330 NW2d 22 (1982); *Williams v Payne,* 131 Mich App 403, 409; 346 NW2d 564 (1984).

The movement of one's back is an important body function. *Harris v Lemicex,* 152 Mich App 149; 393 NW2d 559 (1986). In addition, here the x-rays of the plaintiff's back reveal the compression fractures, thus satisfying the requirement of objective manifestation of the injury. The final question to be decided is whether the impairment is sufficiently serious to impact upon plaintiff's ability to lead a normal life. Plaintiff presented evidence indicating that, although his compression fractures have healed, scarring of the ligaments remains, ultimately causing extreme discomfort when plaintiff attempts to perform normal activities such as lifting groceries, lifting his daughter, walking long distances, or standing or lying down for extended periods of time.

Here, as in *Harris v Lemicex, supra,* we find that the evidence presented, although not overwhelming, was sufficient to establish a serious impairment of a body function. The trial court erred in granting defendant's motion for summary disposition.

Reversed and remanded.