WASHINGTON v VAN BUREN COUNTY ROAD COMMISSION

Docket No. 90213. Submitted August 4, 1986, at Grand Rapids. Decided October 20, 1986.

Plaintiffs Alex Washington and Katie Washington brought an action in the Van Buren Circuit Court against the Van Buren County Road Commission seeking damages for back injuries sustained by Alex Washington in an automobile accident. The trial court, Meyer Warshawsky, J., granted defendant's motion for summary disposition after finding that Alex Washington did not meet the threshold requirment for a recovery of damages in tort of having a serious impairment of body function. Plaintiffs appeal.

The Court of Appeals *held:*

Plaintiff's injury is objectively manifested. The use of the back is an important body function. Considering the injury, the treatment required, the duration of the plaintiff's disability, the prognosis as to the future course of the disability, and the impact on plaintiff's life, the plaintiff has shown that the impairment of body function is serious.

Reversed and remanded.

INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIR-MENT OF BODY FUNCTION — SUMMARY DISPOSITION — APPEAL.

Summary disposition is erroneously granted in a no-fault action for noneconomic losses in tort upon a finding that the plaintiff's injury did not meet the threshold required for recovery that it be a serious impairment of body function where the facts indicate that the plaintiff's injury is objectively manifested, is of an important body function, the use of the back, and that the impairment of the body function is serious.

*Sloan, Benefiel, Farrer, Newton & Glista* (by *Gary C. Newton*), for plaintiffs.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 348, 349, 358.

What constitutes sufficiently serious personal injury disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*Oosterbaan, York & Cooper* (by *John Oosterbaan*), for defendant.

Before: Hood, P.J., and D. E. Holbrook, Jr., and W. R. Peterson,* JJ.

Per Curiam. Plaintiffs appeal from an order of summary disposition in a third-party automobile negligence case. The motion raised the threshold question of whether Alex Washington (hereafter plaintiff) had suffered a serious impairment of body function as defined by *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982).

Plaintiff, age 61, sustained a number of serious bruises, primarily to the left leg and left hip, in an automobile collision on May 11, 1984. He began to develop low back pain, which worsened and led him to seek medical treatment. Medical depositions and records were submitted to the court by stipulation. The treating orthopedic surgeons found that plaintiff, at the time of his injuries, had a preexisting degenerative disc disease and osteoarthritis of the lower spine. Those conditions, which had been asymptomatic until the accident, were aggravated by the injuries to plaintiff. It also appeared that there was a bulging of the disc between the 4th and 5th lumbar vertebrae which was considered to have been caused by the collision, and a CAT scan provided objective evidence of that condition. Plaintiff demonstrated physical sequelae of such an injury in limitation of motion and flexion extension. Complaints of extreme pain have continued, and plaintiff has been under continuous medical care with a supportive brace/corset, traction, physical therapy, a T.E.N.S. electrical treatment unit and various medications. He was considered by his physician as being disabled from

* Circuit judge, sitting on the Court of Appeals by assignment.

working, although the physician said that some ten months after the accident plaintiff could do some work on his farm. The treating physician believed that the prognosis for plaintiff was fair to good over the next year (i.e., into 1986). He said that he did not feel that surgery was indicated, although it was possible that the bulging disc might worsen and herniate instead of resolving itself. It thus appears that under the most favorable progression of his case, it would still be approximately twenty-two months from the time of the accident before· plaintiff would be recovered from the injury.

Plaintiff by deposition and affidavit said that he had been unable to work, to lift things, to walk on uneven ground, to sit on his tractor, to drive his truck, to sleep, to have a normal sexual relationship with his wife, or to be free of pain, and that acute episodes of pain followed from any exertion.

After reviewing the medical evidence, but without discussing plaintiff's claims as to how his life had been affected, the trial court granted the motion for summary disposition in these words:

> While this court believes that the plaintiff is suffering some pain and suffering in his lower back, groin, pelvis and legs, the level of that pain and suffering does not meet the threshold required by the *Cassidy* case, *supra.*

There is no dispute but that the plaintiff's injury is objectively manifested and that the use of the back is an important body function. The issue which is argued is whether the impairment is serious, defined by *Cassidy* in terms of the effect of an injury on the person's general ability to live a normal life.

Considering the injury, the treatment required,

the duration of plaintiff's disability, the prognosis as to the future course of the disability, and the impact on plaintiff's life, we believe that plaintiff has shown that the impairment of body function is serious. *Harris v Lemicex,* 152 Mich App 149; 393 NW2d 559 (1986).

Reversed and remanded.