*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRACEY MOORE,

        Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Defendant,

and

JAMIE WILLIAM PAIGE and CITY OF
SAGINAW,

        Defendants-Appellees.

UNPUBLISHED
May 12, 2026
2:48 PM

No. 373569
Saginaw Circuit Court
LC No. 23-000769-NI

Before: MURRAY, P.J., and REDFORD and RICK, JJ.

PER CURIAM.

In this no-fault action, plaintiff Tracey Moore appeals as of right the trial court's order granting summary disposition to defendants Jamie William Paige and the City of Saginaw.[1] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2022, Paige, while driving a vehicle owned by the City during the course of his employment with the City, backed into plaintiff's vehicle while the two were stopped at an intersection. The vehicles sustained minor damage, but plaintiff did not report any injuries at the scene, and her husband was able to drive her vehicle away from the scene. Plaintiff then drove

---

[1] Although plaintiff challenges the trial court's summary disposition order, the order for dismissal with prejudice of defendant Progressive Marathon Insurance Company constitutes the final order in the case and, thus, the order appealed from. Progressive is not a party to this appeal.

her husband's truck to pick up her son from school, before going to be examined at MedExpress, where she was directed to Covenant Hospital instead. She was seen in the emergency department at Covenant, complaining of back and left hip pain. Plaintiff was diagnosed with "likely muscular pain, no point tenderness on the lumbar spine," and the treating physician declined to perform any imaging, stating in the record: "Patient's exam supports a muscular pathology related to her low-speed motor vehicle accident. I do not believe she needs any imaging at this time as she does not have any point tenderness. She has normal gait. Her exam is reassuring."

As will be discussed more fully below, plaintiff sought treatment from a number of different providers for back and hip pain following the accident. Further, prior to the accident, plaintiff had a significant treatment history for back and hip issues.

Plaintiff initiated this action against defendants on April 13, 2023, asserting claims for negligence and noneconomic damages under the no-fault act, and alleging she suffered serious impairment of a body function as a result of the accident. Defendants moved for summary disposition of plaintiff's claims under MCR 2.116(C)(7) and (10), asserting that: (1) Paige is entitled to governmental immunity; (2) plaintiff could not establish that the accident caused her injuries; and (3) plaintiff could not prove that she suffered a serious impairment of body function under MCL 500.3135 of the no-fault act. Plaintiff responded in opposition, arguing that "[t]he motor vehicle exception to immunity is triggered by negligent operation thus, general negligence principles determine whether the exception applies," and that defendants have conceded Paige was negligently operating the vehicle during the accident. Further, she asserted that her injuries were caused by the accident and exceeded the statutory threshold under MCL 500.3135.

Following a hearing during which the parties made arguments consistent with their briefs, the court entered an order granting defendants summary disposition. With regard to defendants' governmental immunity argument, the court stated:

> This Court assumes, without deciding, that Defendant Paige acted negligently in the operation of Defendant City's motor vehicle. MCL 691.1405. Therefore, this Court dispenses with any governmental immunity analysis because this case can be decided on causation and/or threshold at the summary disposition stage.

As to whether plaintiff met the threshold for noneconomic damages under MCL 500.3135, the court ruled that plaintiff failed to establish a genuine issue of material fact that she suffered an objectively manifested impairment or that such an impairment impacted her ability to lead her normal life. The court found that plaintiff's post-accident diagnoses mirrored her pre-accident diagnoses and that:

> The record is devoid of any exacerbation of any condition. Prior to the accident, Plaintiff has a demonstrated history of difficulty: bending, carrying or lifting, performing household chores, lying down, falling asleep, prolonged sitting in the car, squatting, bending, standing, walking and transfers. When asked about her activities post-accident, Plaintiff admits she goes for walks, cooks, bakes, drives, travels, attends her children's sporting events, cares for her youngest child and performs household chores. Plaintiff also conveyed her limitations to some of those post-accident activities, but without citing objective restrictions from any medical

providers. It has been recognized that self-imposed restrictions do not rise to the level of affecting Plaintiff's ability to lead her normal life, unless Plaintiff can demonstrate that such restrictions are not the result of her own decision.

The court subsequently dismissed with prejudice Progressive Marathon Insurance Company, and this appeal followed.

Plaintiff challenges the court's summary disposition decision, arguing that genuine issues of material fact exist regarding whether she meets the threshold for noneconomic damages under MCL 500.3135. We review de novo a trial court's decision on a motion for summary disposition. *Yopek v Brighton Airport Ass'n, Inc*, 343 Mich App 415, 422; 997 NW2d 481 (2022). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

> When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id*. (quotation marks and citations omitted).]

"Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted).[2] Thus, a court may not make findings of fact, and summary disposition is improper if the evidence before it is conflicting. *Id*. As provided in MCR 2.116(G)(4):

---

[2] In her brief on appeal plaintiff relies in part on an outdated and overruled summary disposition standard, arguing that under MCR 2.116(C)(10), summary disposition is appropriate only when the court is satisfied that "it is impossible for the nonmoving party to support his claim at trial because of a deficiency that cannot be overcome," citing *Rizzo v Kretschmer*, 389 Mich 363, 372; 207 NW2d 316 (1973). Yet it has been over 25 years since the Supreme Court (1) explicitly recognized that that standard was inapplicable under the Michigan Court Rules established in 1985, and (2) reversed the cases citing to that standard. Indeed, in *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999), the Supreme Court stated:

> We take this occasion to note that a number of recent decisions from this Court and the Court of Appeals have, in reviewing motions for summary disposition brought under MCR 2.116(C)(10), erroneously applied standards derived from *Rizzo v Kretschmer*, 389 Mich 363; 207 NW2d 316 (1973). These decisions have variously stated that a court must determine whether a record "might be developed" that will leave open an issue upon which reasonable minds may differ, see, e.g., *Farm Bureau Mutual Ins Co of Mich v Stark*, 437 Mich 175, 184; 468 NW2d 498 (1991); *First Security Savings Bank v Aitken*, 226 Mich App 291, 304; 573 NW2d 307 (1997); *Osman v Summer Green Lawn Care, Inc*, 209 Mich App 703, 706; 532 NW2d 186 (1995), and that summary disposition under MCR 2.116(C)(10) is

When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

Plaintiff failed to meet her burden of establishing a genuine issue of material fact that she suffered an objectively manifested impairment.

Under MCL 500.3135(1), "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." "[A] plaintiff may bring a third-party tort action for . . . noneconomic damages, such as pain and suffering or emotional distress damages, against a governmental entity if the requirements under MCL 500.3135 have been met." *Hannay v Dep't of Transp*, 497 Mich 45, 76; 860 NW2d 67 (2014). A plaintiff must establish the following to prove a serious impairment of a body function:

(1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living). [*Piccione*, 327

appropriate only when the court is satisfied that "it is impossible for the nonmoving party to support his claim at trial because of a deficiency that cannot be overcome." *Paul v Lee*, 455 Mich 204, 210; 568 NW2d 510 (1997); *Horton v Verhelle*, 231 Mich App 667, 672; 588 NW2d 144 (1998).

These *Rizzo*-based standards are reflective of the summary judgment standard under the former General Court Rules of 1963, not MCR 2.116(C)(10). . . . Under MCR 2.116, it is no longer sufficient for plaintiffs to *promise to offer* factual support for their claims at trial. As stated, a party faced with a motion for summary disposition brought under MCR 2.116(C)(10) is, in responding to the motion, required to present evidentiary proofs creating a genuine issue of material fact for trial. Otherwise, summary disposition is properly granted. MCR 2.116(G)(4).

Consequently, those prior decisions of this Court and the Court of Appeals that approve of *Rizzo*-based standards for reviewing motions for summary disposition brought under MCR 2.116(C)(10) are overruled to the extent that they do so.

We recognized this point two decades ago in *Grand Trunk W R, Inc v Auto Warehousing Co*, 262 Mich App 345, 350; 686 NW2d 756 (2004), yet still today we frequently receive briefs that contain this outdated, overruled, and obviously inapplicable standard. These standards simply do not apply.

Mich App at 20, quoting *McCormick v Carrier*, 487 Mich 180, 215; 795 NW2d 517 (2010).]

Determining whether someone has suffered a serious impairment is a fact-specific inquiry that must be conducted on a case-by-case basis. *Piccione*, 327 Mich App at 20.

Here, the trial court first found that plaintiff failed to establish a genuine issue of material fact that she suffered an objectively manifested impairment. We agree. "[W]hen considering an 'impairment,' the focus is not on the injuries themselves, but how the injuries affected a particular body function." *McCormick*, 487 Mich at 197 (quotation marks and citation omitted). In other words:

[A]n objectively manifested impairment is one "that is evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." [*McCormick*, 487 Mich] at 196. The inquiry focuses on "whether the *impairment* is objectively manifested, not the *injury* or its symptoms." *Id*. at 197. [*Patrick v Turkelson*, 322 Mich App 595, 606; 913 NW2d 369 (2018).]

"Although mere subjective complaints of pain and suffering are insufficient to show impairment, evidence of a physical basis for that pain and suffering may be introduced to show that the impairment is objectively manifested." *Id*. at 607.

However,

the issue of whether a serious impairment of body function has been incurred is a question of law to be decided by the court only if (1) "[t]here is no factual dispute concerning the nature and extent of the person's injuries" or (2) "[t]here is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function . . . ." MCL 500.3135(2)(a). Accordingly, in *McCormick*, 487 Mich at 215, our Supreme Court instructed courts applying MCL 500.3135 to begin by determining "whether there is a factual dispute regarding the nature and extent of the person's injuries and, if so, whether the dispute is material to determining whether the serious impairment of body function threshold is met." When there is a genuine issue of material fact regarding the nature and extent of a person's injuries, the threshold question of whether there was a serious impairment of body function is for the jury and may not be decided as a matter of law. *Chouman v Home Owners Ins Co*, 293 Mich App 434, 444; 810 NW2d 88 (2011). [*Patrick*, 322 Mich App at 607-608.]

Defendants adequately supported their motion for summary disposition, producing evidence of plaintiff's long history of treatment for back and hip pain prior to the accident. In 2012, plaintiff presented to the emergency department at Covenant Hospital for back pain and was diagnosed with cervical paraspinous muscle spasms. In 2015, plaintiff was evaluated by a neurosurgeon at Henry Ford Health, and her records indicated a history of back pain due to scoliosis and back surgery in 1999. From 2016 leading up to the accident in 2022, plaintiff

continued treatment for back and left hip pain and was diagnosed with trochanteric bursitis of the left hip, sacroiliitis, and acetabular labral tear. She underwent a first hip surgery on May 4, 2018, consisting of a left hip arthroscopy with labral repair, and a second left hip surgery on September 16, 2022.

Throughout that time, plaintiff received treatment at Tri-City Chiropractic Center, Comprehensive Pain Specialists, and physical therapy, and reported that her pain was aggravated by bending, carrying or lifting, lying down, sitting in a car or chair, squatting, bending, standing, sexual activity, and stairs. She further reported functional impairments including difficulty with prolonged sitting in the car, standing, walking, transfers, caring for family, lifting, household chores, and lying down.

Following the accident on October 28, 2022, plaintiff was again evaluated at Tri-City Chiropractic complaining of back pain and headaches, but received the same diagnoses she had prior to the accident. With regard to functional impairments, plaintiff attended physical therapy on October 31, 2022, and the notes from that visit indicate that she continued to have difficulty with sitting in the car for prolonged periods, walking, standing, and transfers, all of which she reported prior to the accident.

Plaintiff was involved in another motor vehicle accident in December 2022, but could not say whether she suffered any injury as a result of that accident. Following that second accident, she continued seeking treatment for back and hip pain. In an appointment at the Michigan Head and Spine Institute on April 7, 2023, the treating physician noted that plaintiff had "[l]ow back pain with a history of scoliosis surgery back in July 1999 with exacerbation after motor vehicle crash," but that statement was made on the basis of plaintiff's subjective complaints and description of her reason for the visit.

Finally, as part of this lawsuit, plaintiff underwent an independent medical examination on May 20, 2023, and the examiner concluded she may have had some minor muscular strains related to the accident, but nothing beyond that, and "her treatment appears to be prolonged, excessive, and related to pre-existing problems and not traumatic injuries from the event of October 28, 2022." Further, he stated, "She has not sustained any temporary or permanent impairment related to the October 28, 2022 accident."

In response, plaintiff asserted that she suffered injuries or aggravation of preexisting injuries as a result of the October 28, 2022 accident, stating:

> Plaintiff suffered very serious and debilitating injuries as a result of this accident that have been objectively confirmed by radiological testing and physical examination. Plaintiff was a relatively active person prior to the accident. Since the accident, she continues to suffer from debilitating pain and her lifestyle has been affected such that she requires assistance with household chores and attendant care services, is not able to dance, exercise, be active with her kids, pick up and hold her daughter, drive, is not as social as she used to be, has difficulty sitting or standing for long periods of time, intimacy has been affected, she cannot ride a bike like she used to or gardening, decorating her house, cooking and baking.

"[T]he aggravation or triggering of a preexisting condition can constitute a compensable injury." *Fisher v Blankenship*, 286 Mich App 54, 63; 777 NW2d 469 (2009). See also *Washington v Van Buren Co Rd Comm*, 155 Mich App 527, 528-530; 400 NW2d 668 (1986). However, in support of her argument, plaintiff cited only generally to her medical records following the accident, with no specific record citations or references to where the alleged impairments are objectively substantiated, just as she does on appeal. See *Platt Convenience, Inc v Ann Arbor*, ___ Mich App at ___, ___; ___ NW3d ___ (2024) (Docket No. 359013); slip op at 7 ("Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. As such, this Court will not scour the record to determine whether there exists a genuine issue of fact, instead focusing only on those specific facts that have been duly set forth by the parties.") (Quotation marks and citations omitted). Indeed, plaintiff's brief on appeal does not cite to any specific pages of exhibits to show factual support for her position. Her brief is filled with legal arguments but bereft of any concrete assessment about how there was material factual support for her claims. She did cite to specific testimony given at her deposition, wherein she stated that following the accident, she needs help with daily grooming and has difficulty with a number of functions including sitting and standing for prolonged periods. But "mere *subjective* complaints of pain and suffering are insufficient to show impairment . . . ." *Patrick*, 322 Mich App at 607 (emphasis added).

Even viewing this evidence in a light most favorable to plaintiff, *El-Khalil*, 504 Mich at 160, the trial court did not err in concluding that plaintiff failed to establish a genuine issue of material fact that she suffered an objectively manifested impairment caused by the accident. The medical records produced indicate that her condition was largely the same pre- and post-accident, and plaintiff fails to direct our attention to specific objective evidence of an impairment or exacerbation of a preexisting condition directly attributable to the accident. *Patrick*, 322 Mich App at 606.[3] Accordingly, plaintiff failed to meet her burden of establishing a genuine issue of material fact that she suffered an objectively manifested impairment for recovery of damages under MCL 500.3135.[4]

Affirmed.

/s/ Christopher M. Murray
/s/ James Robert Redford
/s/ Michelle M. Rick

---

[3] See also *Patrick*, 322 Mich App at 616 ("Proximate causation is a required element of a negligence claim.").

[4] Because we have affirmed the trial court's summary disposition order on these grounds, we need not address the trial court's findings as to whether plaintiff's impairments affected her general ability to lead her normal life, or defendants' arguments regarding governmental immunity.